STATE OF INDIANA, EX REL. FERGUSON, *v.* THE BOARD OF COMMISSIONERS OF THE COUNTY OF MORGAN ET AL.

[No. 22,397.   Filed May 14, 1913.]

1. INTOXICATING LIQUORS.—*Right to Sell.—Regulation and Control.* —The right to sell intoxicating liquors is not a natural and inherent or inalienable right, or a property or personal right, and it may be restricted both in the number of licenses and the manner of their exercise.   p. 515.

2. INTOXICATING LIQUORS.—*Regulation of Sales.—Limiting Number of Licenses.—Statutes.*—Under §4 of the Proctor Law (Acts 1911 p. 244) providing that the number of retail liquor licenses which may be granted in any city or township shall not be more than one for each 500 inhabitants thereof, which number may be further limited by the board of county commissioners to any number not less than one to each 1,000 inhabitants, the unit of population to entitle to a license must be a full unit, so that in a city of 6,375 inhabitants, under a limitation fixed by the board of county commissioners of one license for each 1,000 inhabitants, no more than six licenses can be granted.   p. 515.

3. INTOXICATING LIQUORS.—*Application for License.—Action.—Complaint.—Sufficiency.*—Under §8 of the Proctor Law (Acts 1911 p. 244), providing the order of determination by the board of county commissioners of applications for renewals and new applications for retail liquor license, and that new applications for license, if any, remaining on file after the full number of . licenses allowed by law shall have been granted or refused, shall be carried over until the next term of the board, when, after disposing of all renewals, the board shall determine such new applications, any new applications, not acted upon at such term to which they were carried over, become noneffective for any purpose and the board is thereafter without power to act thereon. *(Atkinson* v. *Disher* [1912], 177 Ind. 665, 98 N. E. 807, distinguished.)   p. 516.

4. INTOXICATING LIQUORS.—*Application for License.—Refusal.—Remedy of Applicant.—Mandamus.*—Where an application for a liquor license is refused or dismissed by the board of county commissioners, the applicant's remedy is by appeal, and not by mandamus.   p. 518.

From Morgan Circuit Court; *Nathan A. Whitaker,* Judge.

Action in mandamus by the State of Indiana, on the relation of Jacob Ferguson, against the Board of Commissioners of the County of Morgan and others. From a judgment for defendants, the relator appeals. *Affirmed.*

*J. E. Sedwick* and *J. C. McNutt,* for appellant.
*Will H. Pigg,* for appellees.

Myers, C. J.—This was a proceeding in mandamus by amended complaint in two paragraphs, one seeking to compel the board to grant relator a liquor license, and the other to require the board to act upon his petition and grant, or refuse license. A demurrer to each paragraph of the complaint was sustained, and judgment rendered against relator.

The sole question is, Where a board of commissioners has timely limited under the statute (Acts 1911 p. 244, §4), the number of saloon licenses in each municipal subdivision, to not more than one to each 1,000 inhabitants of the municipal subdivision, and there is a fraction of 375 population in excess of the unit, is license permissible for the fraction? The question is presented by the first paragraph of complaint.

The statute is, "That the number of retail licenses which may be granted in any city or township under this act shall not be more than one for each five hundred inhabitants thereof, which number may be further limited by the board of county commissioners of any county to any number not less than one to each one thousand inhabitants of such city or township. Any limitation by the board of commissioners shall be made at its first session after this act takes effect." Under this provision the board of commissioners of Morgan County, at its first session after the act took effect, entered upon its record a resolution to the effect "that the number of retail licenses which may be granted in any city or township, or in Morgan County, Indiana, shall not be more than one license to sell intoxicating

liquors at retail for each 1,000 inhabitants thereof, of each unit or district of the city or township in which said license is granted.'' It appears from the complaint that the population of Martinsville, in which the license is sought, had at the time relator applied, 6,375 inhabitants, and six licensed saloons, and relator is shown to be otherwise within the conditions under which license to sell intoxicating liquors in the city of Martinsville may be granted. It is the position of relator that the order of the board of commissioners ''did not fix the number of inhabitants for which a license might be granted, but only provided that the number should not be more than one for each 1,000 inhabitants,'' and that restricting the number of licenses to six, amounts to a limitation to one license for each 1,062 inhabitants. It is to be borne in mind that the right to sell intoxicating liquors is not

1. a natural and inherent or inalienable right, or a property or personal right. *Atkinson* v. *Disher* (1912), 177 Ind. 665, 98 N. E. 807; *Gordon* v. *Corning* (1910), 174 Ind. 337, 340, 92 N. E. 59; *State, ex rel.,* v. *Bonnell* (1889), 119 Ind. 494, 21 N. E. 1101. It may therefore be restricted both in the number of the licenses and the manner

2. of their exercise. This statute establishes two units or limitations, one a unit or limit of area, or municipal boundaries; the other a unit or limitation by the number of inhabitants. Relator's theory is that by limiting the number of licenses to six, in a population of 6,375, the limitation is one license to each 1,062 inhabitants, while the limitation, under this act, as we understand it, is one license for each 1,000 inhabitants; that is, that the unit to entitle to a license must be a full unit and not a fraction, and that fractions of a unit are to be ignored. Any other construction would nullify the provisions of a statute which seems plain in intent, and in terms. If it had been intended to permit license for any fraction of a unit of population, it would have been easy by apt words to have so provided, and the fact that a unit of population is fixed, excludes a frac-

tion in the absence of provision therefor, for it is necessarily
a declaration in itself that license shall be governed by the
unit and not by fractions.   This view is enforced by the
further provisions of §4, *supra,* that "In case there are
more licenses in force at the time of any hearing upon any
application for license in the city or township in which
liquors are to be sold thereunder, than are authorized by
the foregoing provisions, no new license shall be granted
until either by increase in population, failure to renew,
revocation of licenses, or in some other manner the number
thereof shall have fallen below the limitation herein fixed."
The first paragraph of complaint states no ground for the
relief asked.

We express no opinion as to the effect of §1 Acts 1911
p. 363, providing for elections in each township, and other
subdivisions of the State, as to the construction where the
number of inhabitants is less than 500 or 1,000, in case
the latter limitation be imposed, as the question is not here
involved.

The second paragraph is also bad for the reason that by
the provisions of the act (Acts 1911 p. 244, §8), the board
is denied jurisdiction "to hear or consider any new
3.    application for retail liquor license until all the pend-
ing applications for renewals  *  *  *  shall have
first been decided" thereafter the "board shall then pro-
ceed to determine the new applications until the full num-
ber of licenses allowed by law be granted or refused  *  *  *.
If, after the granting or refusal of renewals and new
licenses to the full number allowed by law there shall still
remain on file applications for license, such applications
shall be carried over until the next term of said board, when,
after disposing of all renewals in the manner above herein
provided, the board shall determine such new applications,
in the manner herein provided."   The complaint shows
that relator's application was a new one, and was filed for
the September term, 1912, and that at that time there were

six licenses in force in the city of Martinsville, one granted in March, 1912, and five in April, 1912, and that they were renewed in March and April, 1913; it is not shown when the original complaint herein was filed. In the case of *Atkinson* v. *Disher, supra,* we said that the "applications would remain pending until a vacancy occurs". As applied to that case, the statement was correct in part, but in part went too far. There, all were applicants at the same time, and the board was required to select from the whole number, though there were four applications in excess of the number of licenses which could issue, but the statement is too broad as to the applications remaining pending until a vacancy occurs, and should have been restricted to the next term of the board, "when, after disposing of all renewals in the manner above herein provided the board shall determine such new applications in the manner above provided." We say this, because all pending licenses have the preference to renewal, over new licenses, and applicants are bound to know when renewals will expire, and apply accordingly, but as applicants for renewals, as well as for new licenses must give notice of their applications for renewal or new license at the term they seek renewals (§21 Acts 1911 p. 244) in order that there may be an opportunity to hear the renewal applications and new applications after consideration at the term of application, in the event the full quota is not filled, the applications are by force of the statute, carried over to "the next term of the board," when, if not acted upon, they become noneffective, and the application fails for every purpose, and no action of the board is necessary, nor has it the power to act upon such application. Under prior laws it was always understood, that the application for liquor license did not run beyond the term to which the application was made, unless, by order of continuance, appeal or some action which kept it *in fieri,* was present. It is alleged in the amended complaint, filed April 10, 1913, that renewals to the number of six had been

granted in March and April, 1913, so that, on the face of the complaint it is not made to appear that relator's complaint was filed before the October term, 1912, of the board of commissioners, in order that the board could have jurisdiction to make any order, and it is made to appear that as late as April 10, 1913, there were six renewal licenses in force. The complaint also shows that at the September term, 1912, the board after finding relator qualified, and that he had given notice properly, took the matter under advisement, and continued the matter of his application without fixing a day for the final determination of his application, so that, it is clear that the limit was in force at the October term, 1912, and there was no authority for continuing relator's application after that time.

There is another feature of this case which should not be overlooked, by the profession. It is elementary that mandamus will not lie where there is another remedy.

4.   The specific point is, that there is a remedy by appeal; that is to say, that if at the September term, 1912, license had been refused relator or his application dismissed, his remedy was by appeal. So, too, at the October term, 1912, upon motion to require license to issue to him, or on an order refusing license, or dismissing his application, he could have appealed, and that was his remedy.

The judgment is affirmed.

NOTE.—Reported in 101 N. E. 813. See, also, under (1) 23 Cyc. 80, 82, 106; (2) 23 Cyc. 106; (3) 23 Cyc. 125; (4) 23 Cyc. 137, 138. As to the power of a municipality to regulate the business of liquor dealing, see 114 Am. St. 298. On the question of control by mandamus of decision of licensing officer as to fitness of applicant, see 27 L. R. A. (N. S.) 1195. As to discretion of local authorities as to the number of licenses to be granted for the sale of intoxicating liquors, see 18 L. R. A. (N. S.) 386.