# COX ET AL. *v.* TIMM.

[No. 22,239.   Filed May 26, 1914.]

1. INTOXICATING LIQUORS.—*License to Sell.—Statutes.*—Under the Proctor Law (Acts 1911 p. 244, §4, §8323g Burns 1914) limiting the number of liquor licenses which may be granted to one for each 500 inhabitants of the township, and authorizing the board of commissioners in each county to further limit the number to not less than one for each 1,000 inhabitants, where the number of inhabitants is sufficient to authorize the granting of one license, additional licenses may be granted only where there are sufficient inhabitants to make the full unit of number required for each license.  p. 10.

2. STATUTES.—*Construction.—Legislative Intent.—Statutory Provisions.*—The legislative intent must control in the construction of a statute, even to the modification of some particular words or parts thereof, if such words or parts when taken in their plain, ordinary sense, are obviously repugnant to such intent as disclosed by the context of the same statute, the general purpose of the whole act, or in other statutes relating to the same subject, especially if passed at the same legislative session.  p. 10.

3. STATUTES.— *Construction.— Provisos.— Legislative Intent.*—The rules for determining and applying the legislative intent in the construction of a statute also apply when the consideration is given to the terms of a proviso in a statute.  p. 11.

4. INTOXICATING LIQUORS.— *Statutes.— Construction.— Provisos.— Licenses.*—That part of the Proctor Law (Acts 1911 p. 244, §4, §8323g Burns 1914) limiting the number of liquor licenses that may be granted, is a typical proviso, and, as such, is to be strictly construed and limited to the objects fairly within its terms.  p. 11.

5. INTOXICATING LIQUORS.—*License to Sell.—Statutes.*—The provivision of the Proctor Law (Acts 1911 p. 244, §4, §8323g Burns 1914) limiting the number of liquor licenses which may be granted to one for each 500 inhabitants of the township, and authorizing the board of county commissioners in each county to further limit the number to one for each 1,000 inhabitants, does not prohibit the issuance of a license in a township having a population of less than 500, since the legislative purpose merely to regulate, and not to prohibit the liquor traffic, is disclosed by a consideration of the act itself, by the public policy of the State, and by contemporaneous and prior legislation making prohibition a matter of local option, and since to construe it otherwise would render it inconsistent with the further provision of the same

section that the act should not affect licenses then in existence, and would render the act unconstitutional by preventing its uniform operation throughout the State.   pp. 12, 16.

6.   STATUTES.—*Construction.*—The construction of a statute which will harmonize its provisions, rather than one which creates a conflict therein, is to be adopted if practicable.   p. 13.

7.   STATUTES.—*General Laws.—Uniformity of Operation.—Classification of Places.*—A law, to be general within the meaning of Art. 4, §23 of the Constitution, must operate uniformly throughout the State, and, though such constitutional requirement is fulfilled if the law operates the same in all parts of the State where the same circumstances and conditions exist, an act concerning the liquor traffic, and so framed as to operate as a regulative measure in some localities and as a prohibitive measure in others, dependent for its effect upon the existence or nonexistence of liquor licenses in the particular locality, would be invalid, since the existence of such licenses can not be regarded as "circumstances and conditions" that would except the law from the constitutional inhibition.   p. 13.

8.   STATUTES.—*Construction.—Conflicting Provisions.*—Where there is an irreconcilable conflict in the provisions of a law, the intention embodied in the provision latest in position in the law, being the last in order of time, prevails.   p. 15.

9.   CONSTITUTIONAL LAW. — *Statutes.* — *Construction.* — Statutes should be construed so as to sustain their constitutionality, rather than be given a construction that would render them invalid.   p. 15.

10.   STATUTES.—*Construction.*—Effect should be given to every word and clause of a statute, if possible.   p. 15.

From Pulaski Circuit Court; *Francis J. Vurpillat*, Judge.

Remonstrance by Ray Cox and others against the granting of a liquor license to Fred Timm.   From a judgment of the circuit court granting the license, the remonstrants appeal. *Affirmed.*

*Ralph E. Minton, Caleb W. Barker* and *John M. Spangler*, for appellants.

*Burson & Burson*, for appellee.

Cox, C. J.—A proviso to §4 of the Proctor liquor law stipulates, "That the number of retail licenses which may be granted in any city or township under this act shall not be more than one for each five hundred inhabitants thereof,

which number may be further limited by the board of county commissioners of any county to any number not less than one to each one thousand inhabitants of such city or township.'' The same section provides that any limitation by the board shall be made at its first session after the act takes effect. Acts 1911 p. 244, §8323g Burns 1914. The board of commissioners of Pulaski County duly exercised this delegated authority and fixed 1,000 inhabitants as the measure of the number of retail licenses for any city or township of that county.

Appellee applied to the board of commissioners of Pulaski County at its April term, 1912, for a license to sell intoxicating liquors at retail in Cass Township of the county. This township at that time had more than 500 and less than 1,000 inhabitants. Appellants appeared and remonstrated against the grant of the license to appellee by the board on the ground that, as the population of the township was under 1,000 inhabitants, no license to retail in that township could lawfully be granted. In such township the sale of liquor at retail had not been excluded by local option election (Acts 1911 p. 363, §8316 Burns 1914) nor by general remonstrance under the provisions of the Moore Remonstrance Law. Acts 1905 p. 7, §8332 Burns 1914. The board sustained appellants' remonstrance and rejected appellee's application for license. On the trial of his appeal to the circuit court an opposite result was reached and from a judgment granting the license this appeal comes. The error assigned is that the court erred in overruling appellants' motion for a new trial. The only cause assigned for a new trial which is properly presented and relied on for reversal is that the decision of the court is contrary to law; and this involves the one question whether the legislature, by the provision of the act of 1911, above quoted, intended to prohibit entirely the retail sale of intoxicating liquors in cities or townships whose total population did not reach the numerical standard fixed or,

whether its intention was to permit one license to be granted in such cities or townships and no more.

What the measure of the number of licenses authorized by the act should be held to be when the question presented is one of plural licenses in a city or township is not a question of difficulty and has been determined by this court.

1. In such case the words of the proviso may be given the ordinary meaning which they may fairly be said to convey without infringing on the very manifest intent of the legislature which is to regulate and restrict the sale of intoxicating liquor. And that is, that the unit of number for which a license may be granted, in a city or township where the number of inhabitants clearly authorizes one license and where it is claimed the number is sufficient to authorize more than one, must be a full unit for each of the plural licenses. *State, ex rel.* v. *Board, etc.* (1913), 179 Ind. 513, 101 N. E. 813. The effect of the words of the proviso in such a case does not result in positive prohibition of the granting of any license at all in any city or township, but is merely a limitation on the number of licenses which may be granted therein.

But to say that the words of the proviso forbid the granting of a license in townships which contain less than 1,000 inhabitants necessarily leads to a positive legislative

2. prohibition of the licensing and sale of intoxicating liquors in such townships. The inquiry then leads to the ascertainment whether such a construction is in harmony with the intention of the legislature, for always in the construction of a statute the intent of the lawmaking body must be sought and when discovered, it must control even to the modification of some particular words or parts of a statute. The injunction of the statute and canons of construction that particular words and phrases used in a statute are to be taken in their plain, ordinary sense are effective only when there is no obviously repugnant intent on the part of the legislature. This contrary or inharmonious intent may be sought in the context of the same statute, in the general pur-

pose of the whole act, or in other statutes relating to the same subject.

Section 240 Burns 1914, §240 R. S. 1881; *Shea* v. *City of Muncie* (1897), 148 Ind. 14, 46 N. E. 138; *Greenbush Cemetery Assn.* v. *Vanatta* (1912), 49 Ind. App. 192, 94 N. E. 899; *Johnson* v. *City of Indianapolis* (1910), 174 Ind. 691, 93 N. E. 17; *Thorn* v. *Silver* (1910), 174 Ind. 504, 89 N. E 943, 92 N. E. 161; *Princeton Coal, etc., Co.* v. *Lawrence* (1911), 176 Ind. 469, 95 N. E. 423, 96 N. E. 387, and cases there cited. In the latter case it was said: ''The rule is general that all consistent statutes that can stand together, as related to the same subject, shall be construed together and with reference to the whole system of which they form a part, and harmony and effect given to all, if this can consistently be done, so as to make the law consistent in all its parts and uniform in its application and results; and the intent, as collected from an examination of the whole, will prevail over the literal import of particular terms, and control the strict letter of such terms, when the latter would lead to injustice and contradictions.'' And this rule applies with added force in the case of statutes passed at the same legislative session, for in such case it is to be presumed that they are equally in the minds of the legislators and, being related to the same subject-matter, they are to be impressed with a harmonious construction so that, if possible, all may stand and be fully effective. *Princeton Coal, etc., Co.* v. *Lawrence, supra,* and cases there cited. These rules must be held to apply

3. with at least full force when the consideration is given to the terms of a proviso in a statute. That part of the Proctor Law particularly under consideration is in form and substance a typical example of a proviso and, as

4. such, is to be strictly construed and limited to the objects fairly within its terms. The question to be answered, therefore, is whether, in view of the other provisions of the act and of other laws relating to the same subject-matter, the positive prohibition of the sale of intoxicat-

ing liquors, by the legislature, or, by the board of commissioners exercising a delegated authority, in townships of less than 500 or 1,000 inhabitants, as the case may be, is fairly within the terms of the proviso when viewed in the light of the legislative intent.

The fact that the public policy of the State with reference to the liquor traffic, as declared by the legislature almost uniformly during the history of the State, has been to

5.  regulate and restrict by license and other laws, and not to prohibit the sale, is not without significance in the construction of the provisions now under examination. *McPherson* v. *State* (1910), 174 Ind. 60, 90 N. E. 610, 31 L. R. A. (N. S.) 188. Aside from the effect of the isolated words of the proviso in question the general scope and purpose of the whole Proctor Law are obviously of that character. There is not elsewhere in the act any indication of any purpose to establish prohibition of any sort limited in territory or otherwise, but a pervading intention to authorize licenses coupled with stringent regulation generally throughout the State. The construction of the proviso contended for by appellants would put it in discord with the purpose to be gathered from the purview of the act. And there is more specific antagonism between this construction of the proviso and other parts of §4, *supra,* itself. In a later proviso in this same section it is declared that licenses granted under the prior law and in force at the time of the passage of the act shall not be affected by the provisions of the act but shall remain in force and be subject to renewal from year to year. The preceding law under which such existing licenses were issued contained no legislative fiat declaring that licenses should not be granted in townships containing less than 500 or delegating authority to boards of county commissioners to double the unit of numbers. And if in such townships licenses had been granted, the legislature thus provided for their preservation and renewal from year to year indefinitely. From this it appears that the construction which coun-

sel for appellants ask us to approve and declare to be the correct one, would establish a conflict between this later proviso and the one under consideration; for the latter, when so construed, would wholly prohibit the sale under license in townships under the fixed numerical standard, while the former would permit it and a continuation of it indefinitely, if there were existing licenses granted under a prior

6. law. Between a construction which would create conflict in the provisions of a law and one which would bring harmony, the choice is always to be, if practicable, the latter.

But the construction contended for would do more than destroy the harmony of purpose which pervades the act. "Laws of a general nature are such as relate to a sub-

7. ject of a general nature, and a subject of a general nature is one that exists or may exist throughout the state, or which affects the people of the state generally, or in which the people of the state have an interest." 1 Lewis' Sutherland, Stat. Constr. (2d ed.) §197. The law before us clearly was intended by the legislature to be a general law. Such a law must operate uniformly throughout the State. Constitution, Art. 4, §23. Now if the first of the provisos under consideration is to be construed as forbidding the licensing of the sale at retail of intoxicating liquors in townships under the fixed numerical measure and the second one, as it clearly does, authorizes licenses in such townships where they existed at the time of the passage of the act, the uniform operation of the law is destroyed, for it permits license in one township and denies it in another where the circumstances and conditions are the same. In one the sale may be licensed indefinitely, while the law remains in force, unless prevented by remonstrance or local option election, while in the other it can never be, even though authorized by local option election. Doubtless the legislature might, in the exercise of the police power, provide by law, that the sale of intoxicating liquors should not be licensed in any rural town-

ship of the State which contains fewer than a fixed number of inhabitants, where a reason inhered in the classification such as the absence in such communities of adequate police protection. But it could not without a palpable violation of the Constitution enact a law which would authorize license in all townships containing a population under a fixed number south of the National Road in the State and forbid it in all like townships north of that line in the State. While this illustration puts the matter more baldly it is not different in legal effect from the instance under consideration. It is, of course, true that a law satisfies the constitutional provision requiring uniformity of operation if it operates the same in all parts of the State where the same circumstances and conditions exist. *Groesch* v. *State* (1873), 42 Ind. 547; *Pennsylvania Co.* v. *State* (1895), 142 Ind. 428, 41 N. E. 937; *Smith* v. *Board, etc.* (1910), 173 Ind. 364, 90 N. E. 881. But this law would not so operate if the construction contended for, should be established. The legislature was under no compulsion to save existing licenses and they can be considered no part of the "circumstances and conditions" under which the law must operate. Laws which prohibit the granting of a license to sell within a stipulated distance of a church or schoolhouse or in residence districts of cities and towns and which are intended to operate generally throughout the State, are not to be classed as local laws for they would operate uniformly throughout the State wherever residence districts in cities and towns or churches or schoolhouses are found. And whenever a church or schoolhouse or a residence district in a city or town in any part of the State should become an entity where none had been before the law would be in existence there and operative. In other words they would operate uniformly throughout the State where the same circumstances and conditions existed. In the instance before us under the construction contended for there could never be other than arbitrary unequal operation. If then we are to concede the construction contended for,

we are to have under the law licensed saloons authorized in some townships of the State and positively forbidden in others of exactly the same class. And as this construction brings about provisions in the law which are in the particular under consideration conflicting in effect, one of them must give way to save the law from the objection of lack of uniform operation. In such case, if the conflict is irreconcilable, the intention embodied in the provision latest in position in the law, and therefore last in order of time, is deemed to prevail. *State, ex rel.* v. *Board, etc.* (1908), 170 Ind. 595, 85 N. E. 513, and authorities there cited.

In addition to the rule heretofore referred to which requires a construction of a statute which will avoid a conflict in its provisions we are bound by two other general rules many times declared in this State, which materially aid in the solution of the question under consideration. Statutes are to be so construed as to sustain their constitutionality rather than to place upon them a construction which would render them invalid. *Indiana Trust Co.* v. *Griffith* (1911), 176 Ind. 643, 652, 95 N. E. 573, 44 L. R. A. (N. S.) 896, Ann. Cas. 1914 A 1023, and cases there cited; *State* v. *Louisville, etc., R. Co.* (1912), 177 Ind. 553, 96 N. E. 340, and cases there cited. Effect should be given to every word and clause of a statute, if possible. *Cleveland, etc., R. Co.* v. *Backus* (1893), 133 Ind. 513, 33 N. E. 421, 18 L. R. A. 729; *Pittsburgh, etc., R. Co.* v. *Backus* (1893), 133 Ind. 625, 33 N. E. 432; *State* v. *Weller* (1908), 171 Ind. 53, 85 N. E. 761. It is because the intent of the legislature must be declared and sustained by the courts when discovered, and because it is to be presumed that the legislature intended that all of the provisions of an act are to be effective, that courts must, when it can be done, so construe a law as to give effect to all of its provisions and save any part of it from invalidity. These well settled rules of statutory construction and interpretation forbid the ac-

ceptance of the contention of appellants and require a contrary conclusion which leaves the law harmonious, fully effective, and valid. Looking beyond the Proctor Law to make further discovery of the intent of the legislature as to excluding the sale of liquor from any particular part of territory of the State, we find that a bill which originated in the same branch of the legislature that the Proctor Law did, and at the same session, and which was approved and became a law coincident with that law, places in the hands of the people of any city or township the right to determine by ballot whether the sale of intoxicating liquors shall be prohibited therein or not. Acts 1911 p. 363, §8332 Burns 1914. The whole intent of this act contemplates that licenses for the sale of liquors at retail as a beverage may be granted for all the cities and townships of the State, save as the general authority to grant licenses in any city or township may be suspended by general remonstrance under the provisions of the Moore Remonstrance Law, *supra.* So that, this contemporaneous act of the General Assembly exhibits an intention on the part of that body which is contrary to that involved in the construction of the proviso which appellants ask. The Moore Remonstrance Law, *supra,* while less potential indicates in some degree that the legislature did not by its direct mandate intend to prohibit the licensing of the sale of intoxicating liquors as a beverage in any of the municipalities or subdivisions of the State, but did intend to leave the determination of the question to the people of each local community as provided.

That considerations of public policy arising from the disorder inherent in the traffic in intoxicating liquors and the known lack of police surveillance and protection in rural communities might well have raised an intention in the legislative mind to provide for the exclusion of the traffic from townships of less than 500 or 1,000, is clear. But this they have done by provisions less vague than the words of the

proviso, and, in laws wholly in harmony with the ancient and beneficent principles of local self-government.

Section 28 of the Proctor Law expressly names the Moore Remonstrance Law and the Nicholson Law and continues them in force. It appears very palpably that the legislature, by its recognition of these laws which provide for restriction and regulation and not prohibition except such as is optional with the people of the particular local community and by the later introduction and passage of the local option election law (Acts 1911 p. 244, §8323 Burns 1914), put its own construction on this proviso. That construction is obviously contrary to the one contended for by appellants.

The conclusion is, that one license may lawfully be granted in any township of the State although the number of inhabitants do not reach the total of the full unit fixed, provided that the contrary has not been decreed by the people of the community by local option election or remonstrance.

Judgment affirmed.

NOTE.—Reported in 105 N. E. 479. As to the general question of discretion as to granting of licenses for sale of intoxicating liquors, see 21 L. R. A. 580. As to the discretion of local authorities as to the number of licenses to be granted for sale of intoxicating liquors, see 18 L. R. A. (N. S.) 386. As to the validity of a statute, ordinance or order limiting the number of saloons in a municipality, see Ann. Cas. 1913 E 365. As to rules for construing statutes, see 12 Am. St. 827. See, also, under (1, 5) 23 Cyc. 1915 Ann. 80-64; (2) 36 Cyc. 1106, 1151; (3, 4) 36 Cyc. 1161; (6, 10) 36 Cyc. 1128; (7) 36 Cyc. 985, 998; (8) 36 Cyc. 1130; (9) 8 Cyc. 801.