Joseph E. Benjamin *vs.* James S. Daneker, *Acting Liquor Control Adm'r.*

JULY 3, 1947.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

BAKER, J. In accordance with the prayer of this petition for certiorari the writ issued, bringing to this court for examination the record of a hearing before the acting liquor control administrator and his decision on the prayer of the petitioner that he be issued a class A liquor license in the town of Coventry in this state.

It is alleged in the petition in substance that the petitioner is a citizen and resident of the town of Coventry; that he filed an application with the town council for a class A liquor license, which is a package store license, so called,

for a specific location in the town, which application was duly advertised; that the town council, sitting as a license board, heard and considered the petitioner's application, there being no remonstrances made thereto, but refused to grant the application; and that the petitioner appealed, according to law, from the decision of the town council to the liquor control administrator, who thereafter heard the appeal and entered a decision denying it and sustaining the action of the town council. The petitioner further alleged that this decision is in violation of and contrary to §10 of chapter 164, general laws 1938, as amended by public laws 1940, chap. 814, and P. L. 1941, chap. 1038, sec. 3, and is against the law and the evidence.

The allegations of fact in the petition are not disputed. The petitioner contends that a liquor license of the type in question should be issued to him, and that the decision of the liquor control administrator should be quashed. The respondent, on the other hand, argues that his decision is correct under the law and that the instant petition should be denied and dismissed.

The pertinent statute, sec. 3 of chap. 1038, *supra,* reads in part as follows: "Section 3. Section 10 of said chapter 164 of the general laws as amended is hereby further amended to read as follows: Section 10. The department of business regulation shall have the right and power to limit the number of licenses of each class; provided, however, that such limit shall not exceed the maximum number, if any, of any class of license that is fixed by the licensing boards within their respective towns or cities . . . provided, however, that every city and town may grant in any year hereafter that number of licenses of class A issued and outstanding at the time of the passage of this act; but that no further new and original licenses of class A shall be granted until the number of licenses of class A outstanding in any city or town shall have been reduced by cancellation, or revocation or the failure of holders of such licenses to apply for renewals to less than one for each

4,000 of its inhabitants as determined by the last census taken under the authority of the United States or of the state of Rhode Island and thereafter, licenses of class A hereunder may be granted in any year by any city or town only up to a total not exceeding one for each 4,000 of its inhabitants as heretofore determined, provided, however, that 2 class A licenses may be issued by every town of the state irrespective of population, provided also, that until the qualified electors of any town shall vote to the contrary as hereinafter provided one such license may be issued in every town in this state unless otherwise ordered by the town council, except the town of Barrington."

It is undisputed that according to the last federal or state census, namely, that taken in 1940, the population of the town of Coventry was 6998. It is also not questioned that the town council had already granted two class A liquor licenses for the town prior to the time the petitioner applied for his license. The question involved in this cause is therefore one of statutory construction. The petitioner contends that under the statute above set out the town council had the right to grant another class A license. The respondent maintains, however, that it had no power in the circumstances to grant any more licenses of that class.

In substance the petitioner's contention is that each town in the state is, under the statute, entitled to issue two class A licenses irrespective of population, and that the size of its population becomes material and is to be considered only when the matter of additional licenses becomes an issue. In other words, the petitioner argues that on such a construction of the statute the town of Coventry is entitled to issue three class A licenses. The petitioner also urges that such a construction tends to treat the various towns more nearly alike in respect to the number of licenses they may issue. The respondent, however, argues that, while each town has a right to have two class A liquor licenses, in order to have three it must have a population of at least 12,000.

In construing the statute it is our duty to ascertain, as nearly as we can, from the language used and from its arrangement the intent of the legislature in passing the act. We should give the legislative enactment what appears to be its plain and ordinary meaning and not a forced and unusual construction. Granting, as the petitioner contends, that the object of the statute is to regulate and not to prohibit the issuing of licenses, and that the construction of the statute suggested by it might be, all things considered, fairer to the medium-sized towns which have a population in excess of 4000, nevertheless we are of the opinion that the construction placed upon the statute by the respondent is the correct one. That construction is regulatory, not prohibitive. Also the matter of the issuance of liquor licenses cannot be and is not attempted to be apportioned by the legislature between the different towns in the state with mathematical exactitude so that all may be treated alike. Such details rest within the realm of legislative policy with which we are not concerned.

In our judgment the construction of the statute urged upon us by the petitioner is not reasonable. An examination of the statute shows that its first reference to the number of class A licenses to be issued in any city or town, after referring to those issued and outstanding at the time of the passage of the act, is that such number should be one for each 4000 of its inhabitants as determined by the last federal or state census. That rule is clearly intended to be the basic principle under which the cities and towns are to act in issuing their class A licenses.

After that fundamental rule is set out the proviso follows that two class A licenses may be issued by every town in the state irrespective of population. Without some such proviso no town under 4000 population would be able to issue any class A license. This provision is merely an exception to the general rule, and plainly is to permit each town with a population of less than 8000 to have two licenses of the kind in question, if it desires. The provision

is permissive, not mandatory. In the instant cause the town of Coventry was acting under this part of the statute. In including this clause in the act the legislature doubtless had in mind the area covered by some of the larger but more sparsely settled towns, and perhaps also the fact that it might not be advisable to give to one person in a town a monopoly on class A licenses.

Whatever the reason for the inclusion of the proviso might have been, we cannot agree with the petitioner's contention that it sets out the basic principle under which the act is to be administered, and that the matter of population does not begin to be considered until after the two licenses referred to in the proviso have been issued. If such an intent was in the mind of the legislature it is our opinion that the act would have been drawn in such a manner that the terms of the proviso would have been set out first, as the main portion of the statute, and that it would then have definitely and clearly provided that towns with a population of 4000 or over could issue an additional class A license for each such 4000 of its population.

We find no error in the decision of the acting liquor control administrator.

The petition is denied, and the writ of certiorari heretofore issued is quashed.

*Michael DeCiantis*, for petitioner.

*Benjamin Winicour, John H. Nolan*, Attorney General, *John F. O'Connell*, for respondent.