205 P.2d 364

**MAYBERRY v. DUNCAN.**

No. 5064.

Supreme Court of Arizona.

April 27, 1949.

282

282

P. H. Brooks, of Winslow, for appellant.

Evo DeConcini, Atty. Gen., and Chas. D. McCarty, Asst. Atty. Gen., for appellee.

BLAKE, Superior Judge.

This is an appeal from a judgment of the superior court of Navajo county affirming the issuance of a liquor license to one Robert Hunsick, Jr., and the subsequent transfer of said license to Ben. G. Armer.

The action which was instituted by A. W. Mayberry, for himself and all other persons similarly situated, petitioned the superior court of Navajo county for a writ of certiorari seeking a review of the proceedings of John A. Duncan, as Superintendent of the State Department of Liquor Licenses and Control, in the issuance and transfer of said license. The parties will be hereinafter referred to as appellant and appellee.

Writs were issued directing the Navajo County Board of Supervisors and appellee to certify to the court all records pertaining to the license in question. Later further orders for additional returns were issued and supplemental returns were made and a hearing was then had to determine whether appellee had acted without or in excess of his jurisdiction in issuing the original license and approving the subsequent transfer.

First we dispose of certain contentions raised by appellee. It is urged that appellant is barred by laches from maintaining this action. Clearly there is no merit to this plea as the application for a writ of certiorari was made within two months from the date of the order granting the transfer of the license to Armer, and only slightly more than ten months from the date of the issuance of the original license to Hunsick.

In the proceedings before the lower court the appellee moved to quash the writ of certiorari for the reason (among others) that Mayberry "is not a party beneficially interested or party to the proceedings." This motion was denied. The trial court made no finding of fact on any of the issues presented and the judgment finally entered does not disclose the basis upon which the action of the superintendent in the original issuance of the liquor license to Hunsick and the subsequent transfer to Armer was affirmed. When the record on appeal reached this court the appellee moved to dismiss the appeal upon the grounds: (a) that appellant Mayberry was not a "party beneficially interested" within the meaning of section 28-102, A.C.A.1939, and therefore was not entitled to relief by certiorari; (b) that said appellant is not a "party aggrieved" within the meaning of section 21-1701, A.C.A.1939, and hence is not entitled to maintain this appeal. We fully considered the matter and on April 8, 1948, entered a minute order (without a formal

opinion) denying said motion to dismiss the appeal. This unanimous ruling of the court became the law of the case and we are not disposed to reconsider our action but rather proceed to a determination of the crucial question whether the appellee acted without or in excess of his jurisdiction.

The appellant presents the following assignments of error:

"1. The Court erred in its Judgment affirming the proceedings of respondent in issuing the liquor license in question, because said license is in excess of the number authorized by Statute and respondent exceeded his jurisdiction in issuing the same.

"2. The Court erred in the Judgment affirming the proceedings of respondent in issuing the liquor license in question, because there was not a proper filing of the application nor posting notice on the premises wherein liquor was proposed to be sold, as required by Statute."

▮ As to this last assignment, after carefully examining the record we have reached the conclusion that there was a substantial compliance with the statute as to these preliminary procedural steps, hence upon this ground the appellee was not deprived of jurisdiction.

As to the first assignment of error regarding the number of liquor licenses legally allowable in Navajo county, it is the contention of appellant that the license in question in this case exceeds the statutory limit and hence the appellee acted without jurisdiction in issuing the same.

Section 72-107, A.C.A.1939, which limits the number of liquor licenses, insofar as pertinent, reads as follows:

"Restrictions on issuance of licenses.— (a) The total number of spirituous liquor licenses issued within a single county shall not exceed:

"1. Hotel and on-sale retailers' licenses providing for consumption on the premises of all spirituous liquors: * * * 1c. in a county having a population of less than twenty-five thousand (25,000), one (1) license for each one thousand (1,000) inhabitants.

"2. * * *

"(b) The population of a county shall be deemed to be its population as last determined by the bureau of the census, less the number of Indian wards of the United States residing therein, as shown by such census."

According to and as of the date of the 1940 census (compiled by the director of the United States Bureau of Census) the total population of Navajo county was 25,309 inhabitants, of which number 12,290 were Indians. Deducting the latter figure from the total population as the statute requires, the net 1940 population of the county for the purposes of computing the number of licenses properly issuable was 13,019. Appellant maintains that this decennial census figure is controlling and that hence the license in question should not issue as this population figure justifies or

warrants only thirteen liquor licenses within said county. Appellee, on the other hand, contends that a 1943 "estimate" of population by the Bureau of Census should be accepted as the population basis for the issuance of the instant license. The unofficial estimate in evidence shows these figures:

Total estimated population of Navajo County as of November 1, 1943,.................28,521
Less Indians,..................12,290

Net population,...............16,231

We are not aided in this matter by any express finding of the trial court. It is readily apparent to us that the 1943 estimate appearing in the record is merely an unauthenticated typewritten statement on blank paper which does not purport in any way to be an official statement or certified copy from the Bureau of Census. Nor can we fail to note that the entire purported increase in population during the three-year period between the compiling of the 1940 official census and the 1943 estimate occurred among the white inhabitants, the Indian figure remaining unchanged. This seems more than passing strange. Nevertheless the net population by the very authority relied upon by appellee is only 16,231 and sixteen liquor licenses were outstanding prior to the present application.

We do not pass upon the question as to whether an official government census estimate of the 1943 population rather than the universally recognized and accepted United States decennial census showing the population of Navajo county as of 1940 would be a proper basis for the issuance of liquor licenses within said county. For even though the 1943 net census estimate be here adopted it would not justify the issuance of the instant seventeenth license. Appellee has cited no authority which would authorize the issuance of an additional license for the fractional part of one thousand inhabitants here present, i. e., 231. The wording of the statute "one license for each one thousand inhabitants" certainly does not either expressly or by implication authorize the issuance of a license for a fraction of one thousand inhabitants, not even a major fraction thereof. The wording of the statute negatives a reading into it of such an intent on the part of the legislature. The laws must be interpreted in conformity with the language used, and we would indeed be usurping the province of the legislature were we to write into the law a proviso recognizing a fractional part of "each one thousand inhabitants" as the basis for a license. In support of our view of this matter we quote from State v. Board of Commissioners, 179 Ind. 513, 101 N.E. 813, 814, construing a similar statute. " * * * This statute establishes two units or limitations, one a unit or limit of area, or municipal boundaries, the other a unit or limitation by the number of inhabitants. Relator's theory is that by limiting the num-

ber of licenses to six, in a population of 6,375, the limitation is one license to each 1,062 inhabitants, while the limitation under this act, as we understand it, is one license for each 1,000 inhabitants; that is, that the unit to entitle to a license must be a full unit, and not a fraction, and that fractions of a unit are to be ignored. Any other construction would nullify the provisions of a statute which seems plain in intent and in terms. If it had been intended to permit license for any fraction of a unit of population, it would have been easy by apt words to have so provided; and the fact that a unit of population is fixed excludes a fraction in the absence of provision therefor, for it is necessarily a declaration in itself that license shall be governed by the unit and not by fractions. * * *" Also see Cox v. Timm, 182 Ind. 7, 105 N.E. 479; Benjamin v. Daneker, R.I., 53 A.2d 758.

We, therefore, hold that the appellee acted wholly without jurisdiction in granting the hotel and on-sale retailer's liquor license in question to Robert Hunsick, Jr., and in approving the subsequent transfer thereof to Ben G. Armer. The judgment of the trial court is therefore reversed and the lower court is directed to sustain the certiorari and enter a final judgment voiding the license theretofore issued by the superintendent.

UDALL, STANFORD and PHELPS, JJ., concur.

LaPRADE, C. J., not participating.

DeCONCINI, Justice, former Attorney General, announced his disqualification and the Honorable Benjamin Blake, Judge of the Superior Court of Graham County was called to sit in his stead.