405 P.2d 281

Walter BRAZIE, Elaine H. McFarland, Lyle
Crandall, E. Henry Running, and Charles
J. Mehlum, as members of and constituting
the Arizona State Board of Health, Jewell
Jordan, State Auditor, Fidelity & Deposit
Company of Maryland, a Maryland corpo-
ration, Kitchell-Phillips Contractors, Inc.,
an Arizona corporation, and Howard Elec-
tric Company, a Colorado corporation, Ap-
pellants,

v.

CANNON & WENDT ELECTRIC CO., Inc.,
an Arizona corporation, Corbin-Dykes Elec-
tric Company, an Arizona corporation, the
Howard P. Foley Company, a District of
Columbia corporation, Industrial Electric
Company, an Arizona corporation, State
Electric Company, an Arizona corporation,
Washburns Commercial Electric Co., Inc.,
an Arizona corporation, and Arizona Sub-
contractors Conference, an Arizona corpo-
ration, Appellees.*

No. I CA–CIV 56.

Court of Appeals of Arizona.

Sept. 3, 1965.

Rehearing Denied Sept. 28, 1965.

* This appeal was filed with the Arizona Su-
preme Court and assigned that Court's
Number 7889. The matter was referred
to this Court pursuant to Section 12–
120.23 A.R.S.

———◆———

Robert W. Pickrell, Former Atty. Gen., by Philip M. Haggerty, Asst. Atty. Gen., Darrell F. Smith, Atty. Gen., Carson, Messinger, Elliott, Laughlin & Ragan, by C. A. Carson, III, Phoenix, Fennemore, Craig, Allen & McClennen, by Daniel T. Bergin, Phoenix, for appellants.

Lewis, Roca, Scoville, Beauchamp & Linton, by John P. Frank, Phoenix, for appellees.

CAMERON, Judge.

This is an appeal to determine the meaning and the validity of Section 34–241, subsec. C of the Arizona Revised Statutes. The matter is before this Court as a result of a Maricopa County Superior Court decision awarding judgment on the pleadings to the several plaintiffs and against the several defendants. 34–241 A.R.S. reads as follows:

"A. When calling for bids for contracts for public work to be performed on behalf of the state or any political subdivision thereof, which will be paid for from public funds, no bid shall be considered for performance of a contract, including construction work which is not submitted by a bidder duly licensed as a contractor in this state.

"B. In awarding the contract for work to be paid for from public funds, bids of contractors who have satisfactorily performed prior public contracts, and who have paid state and county taxes within the state for not less than two successive years immediately prior to submitting a bid on a plant and equipment such as is ordinarily required for performance of the contract for which the bid is submitted, or on other real or personal property in the state equivalent in value to such plant, shall be deemed a better bid than the bid of a competing contractor who has not paid such taxes, whenever the bid of the competing contractor is less than five per cent lower, and the contractor making a bid, as provided by this section, which is deemed the better bid, shall be awarded the contract.

"C. *No contract awarded for public work shall be sublet to a subcontractor who has not paid taxes as required by this section."* (Emphasis added.)

The facts of the case are these: In early November, 1962, the State of Arizona, through the State Board of Health, called for and received bids for the construction of a tuberculosis sanitarium. One of the defendants below and appellant herein, Kitchell-Phillips Contractors, Inc., an Arizona corporation, successfully bid for this work and was awarded the general contract for the job. Kitchell-Phillips listed its subcontractors, one of whom was Howard Electric Company, a Colorado electrical subcontractor, also defendant below and appellant herein. This subcontract amounted to approximately 10% of the total contract awarded to Kitchell-Phillips.

On 21 November, 1962, the plaintiffs below and appellees herein, consisting of members of the Arizona Subcontractors Association and a half dozen electrical contractors who had unsuccessfully bid for subcontract on this same project, filed a complaint in the Superior Court of Mari-

**492**

copa County asserting that appellant Howard Electric Company was ineligible and thereby precluded from performing its electrical subcontract for the reason that it had not paid State and County taxes within the State of Arizona for not less than two successive years immediately prior to submitting its bid, all as required under the provision of A.R.S. 34–241, subsec. C.

All of the parties to the litigation entered into a pre-trial stipulation which amounted to submitting competing motions for judgment on the pleadings to the court. The stipulation presented two basic questions: (1) Could the appellant, Howard Electric, as a nontaxpaying subcontractor, lawfully be employed by a qualified and successful general contractor on an Arizona public work project and, (2) Could public funds be paid either to Kitchell-Phillips, as general contractor, or Howard Electric as subcontractor, for any work performed by Howard Electric on that public project.

The trial court made findings of fact and conclusions of law resolving the issues in favor of the plaintiff-appellees, whereupon judgment was entered in their favor. The defendants appealed.

The appellants have made several assignments of error and supplementing propositions of law which may best be summed up under the following contention: Section 34–241, subsec. C should not be construed, they say, to prohibit a subcontract between a prime or general contractor and a subcontractor under which the subcontractor would perform only a portion of the work required by the prime, but should be read only as prohibiting the transfer or assignment of the entire public work contract by the prime contractor to another single contractor, where that transfer or assignment is an attempt to avoid the qualifications and/or preferences created by A.R.S. Section 34–241, subsec. B. In other words, appellants feel that the legislature intended to prohibit "factoring" or "brokering" of contracts by qualified Arizona prime or general contractors to non-qualified prime or general contractors. We cannot agree with this

line of reasoning, and as this case does not present a situation concerning the "factoring", "brokering" or "assignment" of the entire contract by a qualified Arizona prime contractor to an unqualified prime or general contractor we do not feel it necessary to pass on that question as Subsection C of 34–241 A.R.S. may apply at this time.

 It is our opinion that in attempting to determine the meaning of Subsection C, we must follow the rule that statutes must be interpreted in conformity with the language used, Mayberry v. Duncan, 68 Ariz. 281, 205 P.2d 364 (1949), and that a court should give sensible construction to statutes so as to avoid absurd conclusions and establish legislative purpose and intent. State v. Airesearch Mfg, Co., 68 Ariz. 342, 206 P.2d 562 (1949). Black's Law Dictionary, Fourth Edition, cites a federal case in giving what we believe to be the generally accepted view of the word "subcontractor" as used in Subsection C as:

"And a sub-contractor is one who takes a portion of a contract from the principal contractor or from another sub-contractor." Hardware Mut. Casualty Co. v. Hilderbrandt, 119 F.2d 291 at 297 (1940).

 Subsection B provides two requirements for qualification of general contractors (in addition to being validly licensed in the State of Arizona) in order to be entitled to a preferential treatment in bidding on public work contracts. They must have "satisfactorily performed prior public contracts" and "have paid state and county taxes within the State for not less than two successive years immediately prior to submitting" bids. Subsection C, however, has only one such requirement—that the subcontractor have "paid taxes as required by" Subsection B. It is clear that while the legislature intended that prime or general contractors who had not paid taxes as required by this statute might successfully bid on a public contract as long as they were under a possible 5% disability while doing so, it is equally clear the legislature intended that all subcontractors

on a public work must have paid taxes as required by this statute.

Appellants contend that this interpretation is in violation of the Due Process Clauses of the State and Federal Constitutions as being so indefinite and uncertain as to be arbitrary and unreasonable. Appellant particularly points out there is no method of determining what are sufficient state and county taxes "on a plant and equipment such as is ordinarily required for performance of the contract for which the bid is submitted, or on other real or personal property in the state equivalent in value to such plant" (Subsection B, 34–241 A.R.S.).

With this we do not agree. There is sufficient notice of what ought to be and ought not be done by all parties concerned to comply with this statute. The fact of what constitutes sufficient "plant and equipment such as is ordinarily required for a particular public work" should not be impossible or burdensome in determining. Our Supreme Court has stated:

> " * * * legislation otherwise valid will not be judicially declared null and void on the ground that the same is unintelligible and meaningless unless it is so imperfect and so deficient in its details as to render it impossible of execution and enforcement, and is susceptible of no reasonable construction that will support and give it effect, and the court finds itself unable to define the purpose and intent of the legislature." Peterson v. Sundt, 67 Ariz. 312, at 320, 195 P.2d 158, at 163(1948).

Next, appellants urge that if Subsection C is interpreted and applied by the Court in the manner urged by the appellees, that is, that the State may preferentially treat tax-paying subcontractors to advantages not accorded non-taxpaying subcontractors, then we must hold that Subsection C makes an arbitrary distinction between persons in the same class and regulates a fundamental right guaranteed by the federal and state constitutions in an unreasonable manner, thus violating the equal protection clauses

of those constitutions. United States Constitution Amend. 14, § 1; A.R.S. Constitution Art. 2, § 13. Again we cannot agree.

We do not believe that this subsection makes an arbitrary distinction between persons in the same class. There are two classes of subcontractors for the purposes of Subsection C. Those subcontractors who have paid taxes in Arizona for a period of two years and those who have not. No contract may be sublet to those subcontractors who have not paid taxes as provided in Subsection B of 34–241, but excluded subcontractors may become qualified under the statute by paying taxes for the two year period provided by the statute. A state may discriminate or prohibit when done rationally and a reasonable basis exists for the discrimination. Hein v. McCall, 239 U.S. 175, 36 S.Ct. 78, 60 L.Ed. 206 (1915), State v. Senatobia Blank Book & Stationery Co., 115 Miss. 254, 76 So. 258 (1917). We do not think this is unreasonable or arbitrary under the circumstances.

We note that once before the Arizona Supreme Court has ruled on the validity of this statute although in a case involving the validity of the 5% preference given to general contractors who have paid taxes over general or prime contractors who have not and the principles set forth in the case of Schrey v. Allison Steel Mfg. Co., 75 Ariz. 282, 255 P.2d 604 (1953) are controlling in this case. As was stated by the Arizona Supreme Court in that case:

> "We believe and therefore hold that the state, in contracting for the expenditure of tax money, had a reasonable basis for granting a five per cent preference to contractors who, through the payment of taxes for two years, have made a contribution to the funds from which they are to reap a benefit. The legislature had a right to believe, and for all we know it may be a fact, that the interests of the state and the political subdivisions thereof will be better served through this plan than otherwise. In any event, the distinc-

.·: tion is not capricious nor arbitrary."
75 Ariz. 282, 287, 288, 255 P.2d 604, 607.

For the foregoing reasons, judgment is affirmed.

STEVENS, C. J., and DONOFRIO, J., concurring.