514 P.2d 262

**HANSON'S WATER WORKS SUPPLY COMPANY of Arizona, an Arizona corporation, Appellant,**

v.

**John D. DRIGGS, Mayor, Henry R. Brodersen, Armando DeLeon, John T. Katsenes, Ed Korrick, Howard E. Kraft, George F. Miller, members of and constituting the City Council of the City of Phoenix; the City of Phoenix, a political subdivision of the State of Arizona; Rockwell Manufacturing Company, a Delaware corporation, Appellees.**

No. 1 CA–CIV 1968.

Court of Appeals of Arizona,
Division 1,
Department B.

Sept. 20, 1973.

Rehearing Denied Oct. 30, 1973.

Review Denied Nov. 27, 1973.

Snell & Wilmer, by Warren E. Platt and Michael L. Gallagher, Phoenix, for appellant.

Joe R. Purcell, City Atty., by Patrick E. Burke, Asst. City Atty., Phoenix, for appellee City of Phoenix.

Brown, Vlassis & Bain, P. A., by Paul V. Bonn, Phoenix, for appellee Rockwell Manufacturing Co.

## OPINION

HAIRE, Judge.

On this appeal we are required to determine whether the appellant was entitled to a 5% preference in its bid on a contract for the furnishing of water meters to the appellee City of Phoenix. The facts show that the City of Phoenix asked for bids for the furnishing of certain water meters to be paid for from public funds. The lowest bidder was appellee Rockwell Manufacturing Company, and appellant was the third lowest bidder. Neither Rockwell nor the second lowest bidder claimed the 5% preference allowed by A.R.S. § 34–243. Appellant claimed this preference, and if the preference is available to appellant, its bid would have been the lowest.

After the City rejected appellant's preference claim and awarded the contract to Rockwell, appellant filed a special action in the Maricopa County Superior Court seeking to compel the City to award the contract to appellant rather than to Rockwell. Motions to dismiss appellant's special action complaint were filed by both Rockwell and the City, upon the basis, among others not here pertinent, that appellant had failed to allege that it had paid the state and county taxes made a prerequisite by

the statute to entitlement for the 5% preference. While in our opinion appellant's complaint did sufficiently allege compliance with the requirements of the preference statute, appellant admitted in its responsive arguments to the motion to dismiss that in fact appellant had not paid the taxes required by A.R.S. § 34–243 because these taxes had been abolished by a 1964 constitutional amendment. The issue thus presented to the trial court was whether the bidder could be entitled to the 5% preference nominally allowed by A.R.S. § 34–243, notwithstanding the bidder's admitted failure to pay the taxes required by that statute as a precondition to eligibility for the preference. The trial court decided that the bidder would not be entitled to the preference and dismissed the complaint. The bidder has appealed to this Court from the order of dismissal.[1]

A.R.S. § 34–243 was enacted long prior to 1964, and provides as follows:

"In awarding contracts for furnishing materials, either directly or through a contractor, to the state or any political subdivision thereof, to be paid for from public funds, the contract shall be awarded to bidders who furnish materials supplied by a dealer who is a resident of the state *who has for not less than two successive years immediately prior to submitting the bid paid state and county taxes within the state on a stock of materials of the kind offered and reasonably sufficient in quantity to meet the requirements of customers from stock,* instead of shipping stock into the state to fill orders previously taken, in preference to a competing bidder who furnishes materials not supplied by the resident dealer, whenever the bid of the competing bidder, quality and suitability considered,

1. Immediately after the trial court entered its order dismissing the complaint, appellant filed a special action petition with the Arizona Supreme Court asking *that court* to review the decision of the Superior Court dismissing the complaint. The Arizona Supreme Court heard argument on the petition, but refused

to accept jurisdiction of the matter. We do not consider, nor do the parties urge, that the Arizona Supreme Court's refusal to accept jurisdiction in any way affects appellant's appeal rights which were timely perfected. *See* Rule 8(a), Rules of Procedure for Special Actions, 17 A.R.S.

is less than five per cent lower than that of the resident dealer." (Emphasis added).

The taxes referred to in this preference statute were *ad valorem* personal property taxes, imposed upon a dealer's stock, and were commonly referred to as "inventory taxes".

In 1964 an initiative measure was enacted by the Arizona electorate amending Article 9, § 2 of the Arizona Constitution, A.R.S. so as to exempt the dealer's stock from further taxation. Insofar as pertinent, Article 9, § 2 now reads as follows:

"Stocks of raw or finished materials, unassembled parts, work in process or finished products constituting the inventory of a retailer or wholesaler located within the state and principally engaged in the resale of such materials, parts or products, whether or not for resale to the ultimate consumer shall be exempt from taxation."

■ From the foregoing it is apparent that at the present time it is impossible for an Arizona dealer to qualify for the preference allowed by A.R.S. § 34–243.[2] The plain, unambiguous and obvious meaning of § 34–243 is that, as a prerequisite to qualifying for the statutory 5% preference, one must furnish materials supplied by a dealer who has "paid state and county taxes within the state on a stock of materials of the kind offered and reasonably sufficient in quantity to meet the requirements of customers from stock. . . ." In view of the clarity of the language used, it is not necessary to cite rules of statutory construction to support a determination that a dealer who has not paid these taxes does not qualify for the preference—this is so simply because the statute unequivocally requires this result. Kilpatrick v. Superior Court, 105 Ariz. 413, 466 P.2d 18 (1970).

■ Here appellant admittedly has not paid the required taxes, and therefore is not entitled to the preference. We reject appellant's contention that the adoption of the constitutional amendment in 1964 constitutes an implied repeal of that portion of the statute which conditions the availability of the preference upon the payment of the taxes. In our opinion it is abundantly clear from the language of § 34–243 that the legislature intended to make the payment of taxes, not residency or any other factor, the critical test for qualification for the statutory preference. Furthermore, the qualification for the preference is dependent upon payment of *the precise type and kind of taxes required by the statute,* and not upon the payment of any other taxes. Gustafson v. Riggs, 10 Ariz. App. 74, 456 P.2d 92 (1969).

■ The legislative intent expressed in A.R.S. § 34–243 is, as previously stated, clear and unambiguous. Even if there were doubts as to appellant's entitlement to the preference, those doubts should be resolved against appellant. Parrack v. Ford, 68 Ariz. 205, 203 P.2d 872 (1949). It might well be that in view of the enactment of the 1964 constitutional amendment the legislature could be persuaded to review the preference granted by § 34–243 and enact new legislation granting a preference on some other basis. However, unless and until the legislature does so, this Court cannot re-draft § 34–243 so as to effectively emasculate the requirements established by the legislature and substitute therefor some preference statute of our own making.

The judgment of dismissal is affirmed.

EUBANK, P. J., and OGG, J., concur.

---

2. Perhaps the use of the word "impossible" is too extreme. Appellee Rockwell points out that notwithstanding the exemption allowed by the Constitutional amendment, a dealer could still elect not to claim the exemption, voluntarily pay the inventory tax, and therefore still qualify for the preference. *See* Fry v. Mayor and City Council of Sierra Vista, 11 Ariz.App. 490, 466 P.2d 41 (1970).