556 P.2d 328

**CITY OF SCOTTSDALE, a Municipal Corporation, Appellant,**

v.

**Herman L. DEEM, Jr., and Ruby Deem, his wife, dba Deem Construction Company, Appellees.**

**No. 1 CA–CIV 2924.**

Court of Appeals of Arizona, Division 1, Department A.

Aug. 24, 1976.

Rehearing Denied Oct. 22, 1976.

Petition for Review Denied Nov. 23, 1976.

Richard R. Filler, Scottsdale City Atty. by John T. Zastrow, Clifford M. Sherr, Asst. City Attys., Scottsdale, for appellant.

Norman E. Skeens by Michael R. Walker, Glendale, for appellees.

Bruce E. Babbitt, Atty. Gen. by Donald O. Loeb, Asst. Atty Gen., Phoenix, Lewis & Roca by John P. Frank, Mary M. Schroeder, Charles G. Case, II, Phoenix, for amici.

## OPINION

OGG, Judge.

This is an appeal from a judgment of the Superior Court of Maricopa County granting recovery for lost profits for the improper rejection of a bid on a public construction contract.

In August, 1972, the defendant/appellant City of Scottsdale published a call for bids for the construction of the Vista de Camino Neighborhood Center in Scottsdale, Arizona. This project was to . be funded two-thirds by the federal government and one-third by the City of Scottsdale.

Pursuant to this solicitation for bids, the plaintiff/appellee Deem Construction Company submitted a bid in the amount of $357,716. GTS Construction Company, a California corporation submitted the low bid of $356,686. The contract was subsequently awarded to GTS. It is undisputed that if Deem had been given the benefit of the 5% taxpayers preference under the provisions of ARS § 34–241(B) (1974), his bid would have been the low bid.

Deem filed suit in the Maricopa County Superior Court, alleging that on the authority of the Arizona taxpayers preference statute, ARS § 34–241(B), he was unjustifiably denied the award of the construction contract and therefore was entitled to a judgment for lost profits. The trial court rendered a judgment in favor of Deem and against the City in the amount of $22,500. The City has appealed to this court.

The decisive issue in this appeal is whether Deem is entitled to any damages from the City for the unjustified rejection of his bid. It is our opinion that Deem is not entitled to receive the damages in the sum of $22,500 which were awarded to him for his lost profits. Deem took no legal action to force the City to accept his bid. He sat back and allowed the bid to be awarded and the construction to be completed by GTS before he instituted this action for the loss of profits he allegedly would have earned if the City had properly awarded the contract to him.

Whether a contractor is entitled to damages for lost profits when unjustifiably denied a contract award as the lowest responsible bidder on a public contract is a question of first impression in this state. Authority from other jurisdictions is explicit and uniform in denying an aggrieved contractor recovery for lost profits on municipal contracts. *E. McQuillin, Municipal Corporations,* § 29.86 (3d ed. 1964); *Molloy v. City of New Rochelle,* 198 N.Y. 402, 92 N.E. 94 (1910); *Carroll-Ratner Corp. v. City Manager of New Rochelle,* 54 Misc.2d 625, 283 N.Y.S.2d 218 (1967); *M. A. Stephen Construction Co. v. Borough of Rumson,* 125 N.J.Super. 67, 308 A.2d 380 (1973); 64 Am.Jur.2d, Public Works and Contracts, § 86 (1972); 63 C.J.S. Municipal Corporations § 1157a (1950). The rationale underlying this rule is that the authority for letting public contracts is derived for the public benefit and is not intended as a direct benefit to the contractor. Therefore, the misfeasance of public officials in failing to award the contract to the lowest bidder should not be a source of double vexation to the public by first requiring unjustified additional expenditure of public funds on the awarded contract, and then allowing recovery for lost profits to the aggrieved low bidder. *McQuillin,* supra, *Molloy v. City of New Rochelle,* supra. We see no justifiable reason for deviating from this well-founded rule.

Nor can Deem base his plea for relief for lost profits on contract theory. It is a well founded principle of contract law that:

[A]n ordinary advertisement for bids or tenders is not itself an offer but the bid or tender is an offer which creates no right until accepted. Even though the charter of a municipality expressly requires that a contract shall be awarded to the lowest responsible bidder, a contract is not formed until the lowest bid is in fact accepted.

1 Williston on Contracts, § 31 (3d ed. 1957).

See also *Universal Construction Co. v. Arizona Consolidated Masonry & Plastering Contractors Assoc.,* 93 Ariz. 4, 377 P. 2d 1017 (1963).

This authority is most persuasive when read in conjunction with the language of the City's notice of call for bids on the construction project which expressly reserved to the City the right to reject all bids. Thus, although the City was under a statutory obligation to accept the lowest responsible bidder as defined by Arizona law once a bid was accepted [§ 34–241(B)], the City was under no express obligation to initially accept any bid. Until a bid was actually accepted by the municipality there arose no contractual relationship and therefore there can be no recovery for lost profits based upon contract theory.

Deem's proper remedy would have been to promptly bring a special action[1] in the Maricopa County Superior Court after the City refused to give him the benefit of the Arizona taxpayers preference statute. The courts of this state have repeatedly given equitable relief in similar situations when municipalities have failed to comply with the laws of this state. See *City of Phoenix v. Superior Court,* 109 Ariz. 533, 514 P.2d 454 (1973); *Schrey v. Allison Steel Manufacturing Co.,* 75 Ariz. 282, 255 P.2d 604 (1953); *City of Phoenix v. Wittman Contracting Co.,* 20 Ariz.App. 1, 509 P.2d

1. Rules of Procedure of Special Actions, 17A, ARS.

1038 (1973); *Brazie v. Cannon & Wendt Electric Co.*, 1 Ariz.App. 490, 405 P.2d 281 (1965).

Although this case has been determined on the prior issue we were requested by all parties, and those who filed briefs as amicus curiae, to discuss another issue raised in this appeal. Because of the great importance this matter has to the construction industry of this state we will also deal with that issue in this opinion.

The City contended that Deem not only was not entitled to his loss of profits for the reasons set out earlier, but that Deem was also not entitled to benefit under the provisions of ARS § 34–241(B), the taxpayers preference statute, which reads:

> In awarding the contract for work to be paid for from public funds, bids of contractors who have satisfactorily performed prior public contracts, and who have paid state and county taxes within the state for not less than two successive years immediately prior to submitting a bid on a plant and equipment such as is ordinarily required for performance of the contract for which the bid is submitted, or on other real or personal property in the state equivalent in value to such plant, shall be deemed a better bid than the bid of a competing contractor who has not paid such taxes, whenever the bid of the competing contractor is less than five per cent lower, and the contractor making a bid, as provided by this section, which is deemed the better bid, shall be awarded the contract.

The City reasons that the application of the Arizona taxpayers preference statute is nullified by the involvement of federal funds under the provisions of ARS § 34–244 (1974):

> A. If any provision or condition of this article or §§ 34–301, 34–302 or § 38–481 conflicts with any provision of federal law or any rule or regulation made under federal law pertaining to federal aid contracts, *such provision or condition shall not apply on federal aid contracts* to the extent that conflict exist, but all provisions or conditions of sections with which there is no conflict shall apply to federal aid contracts.
>
> B. The state and its political subdivisions shall, when federal law, rules or regulations permit, enter into and perform any contract subject to the provisions or conditions of this article and §§ 34–301, 34–302 and § 38–481, *and the state and its political subdivisions shall obligate from such funds the amount that the representatives of the federal government require to be deducted from the federal aid funds allotted to the contract by reason of the application, of the provisions and conditions of such sections.*
> [emphasis added]

It is the City's contention that since the federal aid contract governing the construction project required the City to award the contract "to the lowest responsible bidder" federal law was in direct conflict with the Arizona preference statute and therefore under the provisions of § 34–244(A) the preference statute was superseded. To accept such a restricted reading of § 34–244 would imply that in all situations where federal funds were involved the taxpayers preference statute would be inapplicable as in direct conflict with federal law. Since a great many public contracts involve federal funding in some respect, this would virtually result in the actual repeal of the preference statute.

Assuming that federal regulations require that construction contracts be awarded to the lowest bidder where federal funds are involved, a direct conflict with Arizona taxpayers preference statute can be avoided by calculating the amount of participating federal funds on the basis of the lowest responsible bid submitted, with the local government making up the contract difference.

A close reading of § 34–244(B) seems to dictate this result. This section provides that where federal funds are involved in conjunction with the state preference statute, and where federal law requires, the

state shall obligate from its funds the additional amount awarded on the contract by reason of the preference statute.

■ We conclude, therefore, that there is no inherent conflict between federal funding and the Arizona preference statute and absent an express federal prohibition against application of taxpayer preference statutes to federally funded contracts § 34–241(B) should be given its full application.

The judgment of the trial court is reversed.

DONOFRIO, P. J., and NELSON, J., concur.