591 P.2d 560

**E & S INSULATION CO. OF ARIZONA, INC., Appellant,**

v.

**E. L. JONES CONSTRUCTION CO. and United States Fidelity and Guaranty Company, Appellees.**

**No. 1 CA–CIV 3848.**

Court of Appeals of Arizona, Division 1, Department A.

Jan. 4, 1979.

Norling, Rolle, King & Oeser by James B. Rolle, III, John T. Gilbert, Phoenix, for appellant.

Burns, Ferrin & Ehrenreich by F. Britton Burns, Phoenix, for appellees.

## OPINION

FROEB, Chief Judge.

E & S Insulation Co. of Arizona (E & S) appeals from the trial court's order grant-ing summary judgment in favor of appellees E. L. Jones Construction Co. (Jones) and United States Fidelity and Guaranty Company (USF&G) and dismissing with prejudice E & S's complaint against Jones and USF&G.

E & S, a licensed contractor, submitted a bid to Southwest Air Conditioning Co., Inc. (Southwest) to supply insulation materials and to perform installation work for South-west. Southwest was bidding to Jones, the general contractor, to be the subcontractor on the construction of additions to Sunnys-lope High School. Because this was a pub-lic works project, Jones obtained USF&G as a surety and filed a payment and perform-ance bond as required by A.R.S. § 34–222.

Southwest accepted E & S's bid to per-form certain work for a fixed price. E & S thereafter performed its obligations under the contract. Southwest failed, however, to fully compensate E & S.

E & S gave notice to Jones and USF&G that it had not been paid. Jones and USF&G refused to pay E & S, stating that Jones had already paid Southwest and that, since E & S had not paid Arizona taxes as required by A.R.S. § 34–241(C), E & S could not recover any sums against Jones or USF&G.

Both appellant and appellees moved for summary judgment. The trial court grant-ed judgment for Jones and USF&G on the basis of A.R.S. § 34–241(C) and dismissed E & S's complaint against them.

It is agreed, for the purposes of this appeal, that the maximum undisputed claim asserted by E & S is $6,148.80 and that E & S is not entitled to attorney's fees on the state of the present record.

Although it makes several distinct argu-ments, appellant asserts basically one issue: does A.R.S. § 34–241(C) prevent a subcon-tractor who has fully performed its obliga-tions from recovering against the general contractor and its surety where the subcon-tractor has failed to pay Arizona taxes as required by A.R.S. § 34–241(C)?

A.R.S. § 34–241 reads:

Eligibility of contractors for employment on public works; license required; preferred contractors; eligibility for employment as subcontractor

A. When calling for bids for contracts for public work to be performed on behalf of the state or any political subdivision thereof, which will be paid for from public funds, no bid shall be considered for performance of a contract, including construction work which is not submitted by a bidder duly licensed as a contractor in this state.

B. In awarding the contract for work to be paid for from public funds, bids of contractors who have satisfactorily performed prior public contracts, and who have paid state and county taxes within the state for not less than two successive years immediately prior to submitting a bid on a plant and equipment such as is ordinarily required for performance of the contract for which the bid is submitted, or on other real or personal property in the state equivalent in value to such plant, shall be deemed a better bid than the bid of a competing contractor who has not paid such taxes, whenever the bid of the competing contractor making a bid, as provided by this section, which is deemed the better bid, shall be awarded the contract.

C. No contract awarded for public work shall be sublet to a subcontractor who has not paid taxes as required by this section.

Appellees' argument is that a violation of A.R.S. § 34–241(C) renders the contract between E & S and Southwest illegal and, therefore, unenforceable. They contend that the effect of this is to deny to E & S recovery against the bond required for public works contracts by A.R.S. § 34–222.

■ We disagree with appellees' argument that the contract between E & S and Southwest is illegal and unenforceable on the basis of A.R.S. § 34–241(C). The test for determining whether such a contract is illegal and, therefore, unenforceable was set out in *Ruelas v. Ruelas,* 7 Ariz.App. 98, 436 P.2d 490 (1968) and again in *Mountain*

*States Bolt, Nut & Screw Co. v. Best-Way Transportation,* 116 Ariz. 123, 568 P.2d 430 (App. 1977). Parties have the legal right to make whatever contracts they desire, provided only that the contract is not for illegal purposes or against public policy. Generally, a contract which cannot be performed without violating applicable law is illegal and void. The rule, however, is not inflexible. The court must look to legislative intent to determine whether a contract contrary to a law is void as against public policy. Thus, in *Mountain States Bolt, Nut & Screw Co. v. Best-Way Transportation,* this court said:

> [I]f the acts to be performed under the contract are themselves illegal or contrary to public policy, or if the legislature has clearly demonstrated its intent to prohibit maintenance of a cause of action, then recovery should be denied.

116 Ariz. at 124, 568 P.2d at 431 (App.).

■ None of these circumstances are present here. The construction of an addition to a school building is not in and of itself an illegal purpose or contrary to public policy. Therefore, in this case, as in *Ruelas v. Ruelas* and *Mountain States Bolt, Nut & Screw Co. v. Best-Way Transportation,* there was no fundamental purpose behind the contract which would invalidate it.

■ The fact that the contract was performed by a subcontractor who had not paid Arizona taxes for two successive years does not add a public policy reason to bar recovery, since the Legislature allows a *general contractor* in the same situation both to contract for and perform the public work. See paragraph B of A.R.S. § 34–241. It is true that a bid by a general contractor who has paid the taxes "shall be deemed a better bid" than one submitted by a competing contractor who has not paid taxes and whose bid is less than five percent lower. This establishes a preference however, and not a prohibition. The provisions of paragraph B of A.R.S. § 34–241 lend weight, therefore, to the argument that nonpayment of the taxes is not so violative of public policy that it will render a subcontract unenforceable even though made in

violation of paragraph C of A.R.S. § 34–241. Another consideration is the impact, if any, of A.R.S. § 34–246 which makes a violation of A.R.S. § 34–241 (and other provisions) punishable as a misdemeanor. Again, we do not find that by this provision the Legislature has declared contracts of the nature here in question so violative of public policy as to be unenforceable. *See Mountain States Bolt, Nut & Screw Co. v. Best-Way Transportation.*

The Legislature could have expressly precluded any recovery by contractors who have not paid the required taxes before bidding, had that been the legislative intent. It has done so in the case of actions by improperly licensed contractors. A.R.S. § 32–1153. That section reads:

> No contractor shall act as agent or commence or maintain any action in any court of the state for collection of compensation for the performance of any act for which a license is required by this chapter without alleging and proving that the contracting party whose contract gives rise to the claim was a duly licensed contractor when the contract sued upon was entered into and when the alleged cause of action arose.

Since a bar to recovery for work done is in the nature of a forfeiture, it is reasonable to expect that the Legislature will express the prohibition specifically when such intent is present. It has not done so with respect to the provisions of A.R.S. § 34–241.

Appellees' reliance on *Brazie v. Cannon & Wendt Electric Co.,* 1 Ariz.App. 490, 405 P.2d 281 (1965) is misplaced. In that case the subcontractor who had not paid the taxes required by A.R.S. § 34–241(B) and (C) was prevented from performing the job for which it had been awarded the subcontract by the general contractor. No work had been done when the suit was filed by other subcontractors who had paid the taxes, but whose bids were unsuccessful. The court held that A.R.S. § 34–241(C) under these circumstances is a bar to performance of the subcontract. *Brazie* is inapposite here where the subcontractor had already

performed the work. *See City of Scottsdale v. Deem,* 27 Ariz.App. 480, 556 P.2d 328 (1976), which is instructive as to how this preference can be enforced by a losing bidder.

For the reasons stated, we reverse the judgment of the trial court granting appellees' motion for summary judgment. Since the parties have argued in their briefs and in their oral arguments to this court that there are no genuine issues of material fact, we find that E & S is entitled to judgment for at least $6,148.80 as a matter of law and remand the case for such further proceedings as are necessary to conclude the case.

HAIRE, P. J., Department A, and DONOFRIO, J., concur.