654 P.2d 17

SWENGEL–ROBBINS, INC., Plaintiff-Appellee,

City of Glendale, a political subdivision of the State of Arizona, Defendant-Appellee,

Sunflower Construction, Inc., an Arizona corporation, Defendant-Appellee,

v.

GAYLE CONTRACTING, INC., an Arizona corporation, Defendant-Appellant.

No. 1 CA–CIV 6608.

Court of Appeals of Arizona, Division 1, Department A.

Sept. 14, 1982.

Rehearing Denied Oct. 14, 1982.

Review Denied Nov. 23, 1982.

Fogel & Lamber, P.A. by Sherman D. Fogel and Rex P. Bronnenkant, Phoenix, for plaintiff-appellee.

William E. Farrell, Glendale City Atty. by Nick Dottermann, Glendale, for defendant-appellee City of Glendale.

Stompoly & Even, P.C. by Michael W. McGrath and John G. Stompoly, Tucson, for defendant-appellant.

## OPINION

MEYERSON, Judge.

In this appeal we are called upon to decide whether the statutory preference applicable to public contracts under A.R.S. § 34–241 (Supp.1981) may be asserted by a resident taxpaying contractor against a resident contractor who has paid no taxes as provided for under the statute. For the reasons hereinafter stated, we hold that a resident taxpaying contractor is entitled to a five percent preference against a resident contractor who has paid no taxes.

The City of Glendale sought to construct a water reservoir and accompanying transmission lines to serve the northern portions of the city. Three contractors submitted bids: Gayle Contracting, Inc. (Gayle), Swengel-Robbins, Inc. (S–R), and Sunflow-er Construction, Inc. (Sunflower). Gayle submitted the lowest bid and was awarded the contract. Thereupon S–R filed a special action in superior court claiming that it was entitled to a five percent preference pursuant to A.R.S. § 34–241 (Supp.1981).

The undisputed facts reveal that although Gayle and S–R satisfactorily performed prior public contracts within the meaning of A.R.S. § 34–241 (Supp.1981), Sunflower had not performed prior public contracts. S–R paid state and county taxes for the past two years immediately prior to submitting its bid on plant and equipment required for the performance of the project, as required by the statute, but neither Gayle nor Sunflower had paid such taxes.

Finding that S–R timely asserted its right to a preference under A.R.S. § 34–241 (Supp.1981), the trial court concluded S–R was entitled to the preference against Gayle and Sunflower thereby making it the lowest bidder. The City of Glendale was enjoined from entering into the contract with Gayle or Sunflower and was directed to award the contract to S–R. Gayle appeals from that judgment.[1]

A.R.S. § 34–241 (Supp.1981) provides in part:

A. In awarding the contract for work to be paid for from public funds, bids of contractors who have satisfactorily performed prior public contracts, and who have paid state and county taxes within the state for not less than two successive years immediately prior to submitting a bid on a plant and equipment such as is ordinarily required for performance of the contract for which the bid is submitted, or on other real or personal property in the state equivalent in value to such plant, shall be deemed a better bid than the bid of a competing contractor who has not paid such taxes, whenever the bid of the competing contractor is less than five per cent lower, and the contrac-

---

1. Gayle also filed a special action in this court asking us to review the trial court's order declining to stay the judgment pending the appeal. We initially accepted jurisdiction of the special action, accelerated oral argument in this appeal and consolidated both actions. On September 1, 1982 we entered an order affirming the judgment below and declining jurisdiction in the special action. Sunflower did not enter an appearance in this court.

tor making a bid, as provided by this section, which is deemed the better bid, shall be awarded the contract.

 The clear import of this language is that in order to qualify for the statutory preference, a contractor must have (1) satisfactorily performed prior public contracts and (2) paid state and county taxes of the kind and type specified for at least two years prior to submitting the bid. On its face, the language makes no distinction between residents and non-residents or between domestic and foreign corporations.

The constitutionality of this statute was upheld by our supreme court in *Schrey v. Allison Steel Mfg. Co.,* 75 Ariz. 282, 255 P.2d 604 (1953). In *Schrey* it was asserted, *inter alia,* that the preference was unconstitutional because it was a discriminatory privilege in violation of the Arizona Constitution, art. 2, § 13 and a violation of the equal protection clause of the fourteenth amendment to the United States Constitution.

In finding the classification embodied in the statute to be reasonable and constitutional, the court held:

> [T]he state, in contracting for the expenditure of tax money, had a reasonable basis for granting a five per cent preference to contractors who, through the payment of taxes for two years, have made a contribution to the funds from which they are to reap a benefit.
>
> . . . .
>
> [T]here was a reasonable basis for the privilege granted, and under the statute all who fell within the class, whether foreign or domestic, were given the same privilege upon the same terms.

*Id.* at 287–288, 255 P.2d at 607–608.

The supreme court reaffirmed its holding in a later constitutional challenge in *City of Phoenix v. Superior Court,* 109 Ariz. 533, 514 P.2d 454 (1973). Although neither of the foregoing cases address the precise issue presented in this appeal, both decisions emphasize that the basis for the preference is the payment of taxes rather than the status of the bidder as a resident or non-resident of the state.

Gayle contends that A.R.S. § 34–241 (Supp.1981) was not intended to grant a preference between resident contractors. As support for this position, Gayle relies almost entirely on the supreme court's decision in *Mardian Construction Company v. Superior Court,* 113 Ariz. 489, 557 P.2d 526 (1976). In *Mardian,* the preference issue was raised by two Arizona corporations, each having satisfactorily performed prior public works contracts and paying taxes of the kind and type required by the statute for two years prior to submitting their bids. One of the contractors claimed a preference over the other based on a quantitative comparison of the amount of taxes paid. The supreme court rejected this interpretation and its narrow holding was:

> We do not find any suggestion that A.R.S. § 34–241(B) [now A.R.S. § 34–241.A. (Supp.1981)] was intended to or was considered as creating a classification upon which a preference between *resident taxpaying contractors* might be based.

*Id.* at 492, 557 P.2d at 529 (emphasis added).

This language in *Mardian* is consistent with the supreme court's prior holdings in *Schrey* and *City of Phoenix.* There are other statements in *Mardian,* however, upon which Gayle relies to support its position that the statutory preference is inapplicable for determining preferences between resident contractors regardless of their payment of state and county taxes. For example, the court states that the statute "does not even remotely suggest that a special classification establishing a preference between resident contractors is to be created." *Id.* at 493, 557 P.2d at 530. The court further stated that the "Legislature did not regard the Act as establishing a preference between resident contractors . . . ." *Id.,* 557 P.2d at 530. The dispute between the parties with respect to the application of *Mardian* to the instant case is essentially whether the above-quoted language is part of the holding or dicta.

We find the arguments of S–R to be persuasive. First, *Mardian* is factually dis-

tinguishable because it involved two Arizona corporations who paid the taxes required by the statute. It did not directly address the issue of a taxpaying resident versus a non-taxpaying resident. Thus, its narrow holding is that the preference statute was not intended to distinguish between resident *taxpaying* contractors.

Second, Gayle's contention that A.R.S. § 34–241 (Supp.1981) is unconstitutional because it encompasses more subjects than those contained in the title of the act, as required by the Arizona Constitution, art. 4, pt. 2, § 13, is simply incorrect. The supreme court held in *Mardian* that "the title of A.R.S. § 34–241 notifies all who read that a classification preferring *resident taxpaying contractors* is being created." 113 Ariz. at 493, 557 P.2d at 530 (emphasis added).[2]

Third, *Mardian* cites with approval the court's holdings in *Schrey* and the *City of Phoenix* which state that the preference is based on taxes paid rather than residency.

Fourth, in *D.C. Speer Const. Co. v. Arizona Department of Transportation,* 124 Ariz. 208, 603 P.2d 100 (Ct.App.1979), decided subsequent to *Mardian,* this court held that both a foreign and domestic corporation which had paid the taxes identified in A.R.S. § 34–241 (Supp.1981) were entitled to the statutory preference. *Speer* gives added weight to S–R's position that the preference is based upon taxes paid rather than residency.

Gayle also argues that any reading of A.R.S. § 34–241 (Supp.1981) which prejudices a newly-formed corporation is incorrect because this (1) was not the legislative intent and (2) would be anti-competitive. However, in *Hanson's Water Works Supply Co. v. Driggs,* 20 Ariz.App. 509, 511, 514 P.2d 262, 264 (1973), we held that even if it were impossible for a resident dealer to qualify for a preference under A.R.S. § 34–243 (which grants a preference to a materialman who has paid inventory taxes for two years) because the requirement to pay the tax had been eliminated, a non-taxpaying resident could nevertheless be deprived of the preference. This court held the plain language of A.R.S. § 34–243 was controlling as to the preference. The language of A.R.S. § 34–241 (Supp.1981) is equally plain as to the basis of the preference. With respect to Gayle's argument that the statute is anti-competitive, we agree with and are bound by the holding of the supreme court in *Schrey* that the classification established in the statute is reasonable and furthers a legitimate state interest.

Gayle's final argument is that the trial judge's ruling establishes an unconstitutional classification affecting a fundamental right—the right to do business. But the statutory preference at issue here does not limit the right to do business; it simply imposes a reasonable condition upon those *choosing* to do business with the state or its political subdivisions. *Compare Arizona State Liquor Board v. Ali,* 27 Ariz.App. 16, 550 P.2d 663 (1976) (state may not deny a liquor license to aliens) *with American Yearbook Co. v. Askew,* 409 U.S. 904, 93 S.Ct. 230, 34 L.Ed.2d 168 (1972), *aff'g* 339 F.Supp. 719 (M.D.Fla.) (state may require that all public printing be done in the state).

In summary, the trial court correctly held that a preference should be given to a taxpaying resident contractor over a non-taxpaying resident contractor. The judgment is affirmed.

OGG, P.J., and KLEINSCHMIDT, J., concur.

---

**2.** The legislative history of the statute is fully discussed in *Mardian.*