766 P.2d 96

## WESTERN SUN CONTRACTORS COMPANY, Petitioners,

v.

## SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF MARICOPA, The Honorable Daniel E. Nastro, a judge thereof, Respondent Judge,

## CITY OF PEORIA, a municipal corporation, Pipe Tech, Inc., an Arizona corporation, Real Parties in Interest.

No. 1 CA–SA 88–168.

Court of Appeals of Arizona, Division 1, Department D.

Sept. 22, 1988.

Supplemental Opinion On Denial of Reconsideration Dec. 29, 1988.

Jennings, Kepner & Haug by Robert O. Dyer and James L. Csontos, Phoenix, for petitioners.

Norling, Oeser & Williams by Ronald L. Keyser and Darrell E. Davis, Phoenix, for respondent City of Peoria.

Ryley, Carlock & Applewhite by William E. Farrell and John C. LeMaster, Phoenix, for respondent Pipe Tech, Inc.

## OPINION

JACOBSON, Judge.

This special action arises out of the City of Peoria's (City) award of a construction contract for a sewer project to Pipe Tech, Inc., after the City determined that Pipe Tech was the lowest bidder and was entitled to the statutory preference allowed by A.R.S. § 34–241(A). The superior court denied the special action relief requested by the second-lowest bidder, Western Sun Contractors Co., after the City rejected Western Sun's bid protest. Western Sun filed this special action from the trial court's order upholding the contract award and dismissing Western Sun's complaint.

In the superior court special action, Western Sun contended that Pipe Tech was not entitled to the contractor's five percent preference established in A.R.S. § 34–241(A), and thus the contract should have been awarded to it. Because we find that the trial court erred in determining that Pipe Tech's payment under an equipment rental contract of a renter's pro rata share of the lessor's property tax met the tax requirement of A.R.S. § 34–241(A), (C)(1), (3), we need not address the remaining issues raised in superior court.[1]

### Factual Background

The City invited bids for construction of the Peoria Pivotal Sewer Project, in accordance with the competitive bidding process required by A.R.S. §§ 34–201 *et seq.* On Friday afternoon, July 15, 1988, the City opened the bid proposals. The two lowest bids were by Pipe Tech, for $667,858, and by Western Sun, for $665,915. The difference between the bids was .3%.

On Monday, July 18, 1988, Western Sun hand-delivered to the Peoria City Engineer a letter advising that a review of the Maricopa County Assessor's records indicated that Pipe Tech had not paid any taxes during the preceding two year period, as required by A.R.S. § 34–241(A)[2] to be entitled to the five percent preference. Western Sun contended that it had met the statutory requirements for the preference and concluded:

Inasmuch as it appears that Pipe–Tech, Inc. does not meet the requirements of A.R.S. Section 34–241, we respectfully request that the Peoria Pivotal Sewer Improvement Project be awarded to Western Sun Contractors.

On Thursday, July 21, 1988, the Peoria City Engineer responded by letter to Western Sun:

Staff has made a preliminary determination that the bid bond submitted by Pipe Tech, Inc., the apparent low bidder, did not comply with project specifications. Therefore, we are recommending that City Council reject Pipe Tech's bid and authorize the City Manager to assign the contract to Western Sun Contractors.

We have also requested that Pipe Tech, Inc. provide evidence that they qualify as a preferred contractor according to A.R.S. 34–241.

We have scheduled a meeting for Tuesday, July 26, 1988, ... at City Hall and we request that you or a representative from your company attend and be able to

---

1. The other issues raised in superior court were: (1) whether Pipe Tech's subcontract with a private contractor on a public works project satisfied the requirement of A.R.S. § 34–241(C)(2) that, in order to be entitled to the five percent statutory preference, a contractor must have "satisfactorily performed prior public contracts," and (2) whether the City acted illegally in accepting Pipe Tech's bid bond that did not conform to the statutory requirements of A.R.S. §§ 7–101 and –102, that the sureties be "residents and freeholders or householders" within this state and county and that they appear on the county tax rolls.

2. A.R.S. § 34–241(A) provides in pertinent part:

In awarding the contract for work to be paid for from public funds, bids of contractors ... who have paid the state or county taxes within the state for at least two consecutive years ... shall be deemed a better bid than the bid of a competing contractor who has not paid such taxes....

provide evidence that Western Sun Contractors qualifies as a preferred contractor.

On Tuesday, July 26, 1988, at 5:30 p.m., the Peoria City Attorney held a hearing to determine, prior to the City Council meeting to be held at 7:00 p.m., whether the two lowest bidders were entitled to the five percent statutory bid preference. Both contractors appeared and presented evidence, and the City Attorney concluded both were entitled to the preference. Based upon the City Attorney's advice the City Council awarded the contract to Pipe Tech by a vote of 5–0.

On Friday, July 29, 1988, Western Sun's attorney contacted Pipe Tech's attorney, and was advised that the signed construction contract would be delivered to the City on Monday, August 1, 1988. At oral argument in this court, Western Sun's attorney avowed that on Friday, July 29, 1988, he also contacted the City Attorney and provided case law and statutory authority with a request for reconsideration of the bid protest. On Monday, August 1, 1988, the City Attorney denied the request for reconsideration, and the City issued a notice to proceed to Pipe Tech. The following day, on Tuesday, August 2, 1988, Western Sun filed its complaint for special action in superior court, seeking to enjoin the City from proceeding with its contract with Pipe Tech and directing the City to award the contract to Western Sun.

On Tuesday, August 2, 1988, the trial court issued an interlocutory stay, enjoining the City from proceeding with the construction contract. Based upon an expedited procedure, on Monday, August 8, 1988, the trial court held a hearing on the complaint, and issued its ruling, stating in part:

THE COURT DETERMINES that the City Council of Peoria did not act illegally or arbitrarily in accepting the recommendation of its attorney ... that the invoice from Empire Machinery reflected Pipe Tech's pro rata share of Property Tax attributable to the value of the equipment rented by it from Empire Machinery thereby satisfying the two year consecutive payment of state or county taxes in an amount of at least $200.00 to be a preferred contractor under A.R.S. § 34–241.

On Wednesday, August 10, 1988, the trial court issued its formal order affirming its decision regarding the tax requirement, rejecting the other issues raised by Western Sun, and dismissing the complaint. Western Sun filed a special action in this court on Thursday, August 11, 1988. We issued an interlocutory stay on Friday, August 12, 1988, and ordered accelerated briefing so that this matter could be heard on Monday, August 15, 1988.

*Special Action Jurisdiction*

■ Rule 8, Arizona Rules of Procedure for Special Actions, provides as follows:

A decision of a Superior Court in a special action shall be reviewed by appeal where there is an equally plain, speedy, and adequate remedy by that means. Procedure for appeal shall be as prescribed by the applicable rules, except that on application of either party, for cause shown at any time after filing of notice of appeal, the court in which the appeal is pending may waive or order an acceleration of any or all appeal procedures. Where there is no equally plain, speedy, and adequate remedy by appeal, a judgment in a special action in a Superior Court may be reviewed by a special action directed against the original defendants.[3]

---

3. We note that although Rule 8 suggests the special action filed in the court of appeals be "directed against the original defendants," such a procedure should be followed only when the appellate court would have original jurisdiction to grant the requested relief as a matter of first impression. *See* 1 *Arizona Appellate Handbook* § 7.5.2. at 7–10 (2d ed. 1983 & Supp.1986). Here, unlike the supreme court, the court of appeals has no original jurisdiction to order a writ of mandamus to city officers regarding the contract award. *See Goodrich v. Industrial Comm'n,* 11 Ariz.App. 244, 463 P.2d 550 (1970). Thus, the power of the court of appeals to review the actions of the City by special action exists only indirectly through its appellate jurisdiction over the actions of the superior court and the judge thereof, who must therefore be

Thus under the Rule, review in this court by special action is appropriate where "there is not equally plain, speedy, and adequate remedy by appeal." Because of the peculiar nature of public contracts the courts are loath to grant relief where such contracts have been fully performed. *City of Scottsdale v. Deem,* 27 Ariz.App. 480, 556 P.2d 328 (1976) (holding apparent low bid contractor is not entitled to maintain action for lost profits after contract erroneously awarded to another was completed and that proper remedy is by special action); *Ash, Inc. v. Mesa Unified Sch. Dist. No. 4,* 138 Ariz. 190, 673 P.2d 934 (App. 1983) (holding that attempt to void public contract that was fully performed and award contract to another bidder was moot and writ of mandamus request was futile).

Thus, it is apparent that an appeal, if a stay were issued, would delay the public work with an increase in cost, and that, if no stay were issued, the completion of the work would moot any relief. Either scenario would prevent an appeal from providing an adequate remedy. We therefore accepted special action jurisdiction in this matter on August 15, 1988, and entered an order granting the relief requested with an opinion to follow.

### Laches

■ Pipe Tech first contends that Western Sun's action is barred by the doctrine of laches. *See generally, State ex rel. Arizona Dept. of Econ. Sec. v. Kennedy,* 143 Ariz. 341, 693 P.2d 996 (App.1985). We disagree. We find no significant running of time caused by Western Sun's inaction between the contract award on July 26, 1988, and the filing of the complaint on August 2, 1988, particularly in light of the fact that Western Sun had urged the City Attorney to reconsider the award on July 29, 1988. Western Sun promptly filed its complaint the day after the contract was executed. Furthermore, we find no significant reasonable change of position by Pipe Tech based on Western Sun's inaction between July 26 and July 29, 1988, before

named as respondents in this special action. *See* Rule 2, Rules of Procedure for Special Ac-

execution of the contract. Pipe Tech claims it has suffered irreparable harm because it obtained performance and payment bonds, notified the utilities of contemplated digging in the construction area, obtained various permits for the project, and ordered supplies and equipment for the job. All of these matters are preparatory to performance of the contract. Western Sun timely obtained an injunction in this matter before any construction began, and thus preserved the status quo. We therefore reject Pipe Tech's defense of laches.

### The Tax Requirement of A.R.S. § 34–241

■ The statutory preference at issue in this case is provided for in A.R.S. § 34–241(A):

In awarding the contract for work to be paid for from public funds, bids of contractors who have satisfactorily performed prior public contracts, and who have paid the state or county taxes within the state for at least two consecutive years in an amount of at least two hundred dollars per year immediately prior to submitting a bid on a plant and equipment such as may be used in the performance of the contract for which the bid is submitted, or on other real or personal property in the state equivalent in value to such plant or equipment such as may be used in the performance of the contract for which the bid is submitted, or on other real or personal property in the state equivalent in value to such plant or equipment, shall be deemed a better bid than the bid of a competing contractor who has not paid such taxes, whenever the bid of the competing contractor is less than five percent lower, and the contractor making a bid, as provided by this section, which is deemed the better bid, shall be awarded the contract.

The tax requirement is further defined in A.R.S. § 34–241(C):

1. 'Paid state or county taxes within the state' means the contractor has paid

tions; 1 *Arizona Appellate Handbook* § 7.3.2. at 7–5, 7–6.

real or secured personal property taxes assessed under title 42, chapter 2 [A.R.S. §§ 42–201 *et seq.*] or unsecured personal property taxes assessed under title 42, chapter 3 [A.R.S. §§ 42–601 *et seq.*].

. . . .

3. 'Two consecutive years immediately prior to submitting a bid' means payment of the complete liability for any of the taxes listed in paragraph 1 for the two tax years immediately preceding submitting the bid. One of the years may be the year in which the bid is submitted. If the second year is the year in which the bid is submitted, the tax payments must be for a complete tax year. Prorated tax payments do not qualify as payment for a complete tax year. Installment tax payments do not qualify as payment for a complete tax year until all installments are paid.

Pipe Tech contends that it met the tax requirement necessary for the preference solely by virtue of having paid Empire Machinery amounts for rental of excavating equipment that included, in the billing, line items identified as "renter's pro rata share of property tax attributable to the value of this equipment payable at the same time and in addition to the regular rental payment." [4]

The Arizona Supreme Court discussed the tax requirement of A.R.S. § 34–241(A) at some length in *Tanner Companies v. Superior Court*, 144 Ariz. 141, 696 P.2d 693 (1985). Tanner challenged an award by the City of Phoenix to a joint venture, contending that the contractor had not paid taxes during the preceding two years sufficient to qualify for the five percent statutory preference.

Admittedly, in dictum, the court discussed a tax payment that was not at issue in *Tanner* because both the city hearing officer and the trial court had rejected it as not fulfilling the tax requirement for the statutory preference. In a footnote, the court discussed the inapplicability to the

preference of the contractor's payment of personal property taxes as part of rental payments on equipment:

As to the taxes paid indirectly through lease payments on equipment owned by Border Machinery Company, the superior court left undisturbed the summary dismissal by the city hearing officer. Because Martin Eastin of Dahl admitted by deposition to the trial court that Border Machinery was the title owner and the true taxpayer on the equipment, we agree that Dahl cannot be credited for those tax payments. To hold otherwise would allow two or more companies to claim a preference based on the same tax payment, and would require public agencies to perform the substantial task of tracing tax payments through one or more intermediate conduits to assure that timely Arizona tax payments were made.

*Tanner*, 144 Ariz. at 144 n. 2, 696 P.2d at 696.

We feel constrained by the *Tanner* reasoning, albeit dictum, and the statutory language of A.R.S. § 34–241, to agree with Western Sun that the indirect payment of taxes through equipment rental payments does not fulfill the tax requirement necessary for the preference. The intent of the legislature in enacting the statute was to grant a preference to those contractors who incur direct tax liability through ownership of property in the state and thus contribute to state funds. *See, e.g.*, Ariz. Op.Att.Gen. 62–36 (Oct. 1962). Our courts have upheld the constitutionality of the tax requirement to the statutory preference on this basis. *See Schrey v. Allison Steel Mfg. Co.*, 75 Ariz. 282, 255 P.2d 604 (1953); *Swengel–Robbins, Inc. v. Gayle Contracting*, 134 Ariz. 83, 654 P.2d 17 (App.1982). In *Schrey*, the supreme court stated:

We believe and therefore hold that the state, in contracting for the expenditure of tax money, had a reasonable basis for

---

**4.** Western Sun concedes that the evidence before the City Attorney established that Pipe Tech paid taxes for 1987 that would meet the statutory tax requirement; however, it argues that because Pipe Tech presented no evidence other

than rental payments for equipment to establish tax payment for either 1986 or 1988, it has not met the requirement of tax payment for "two tax years immediately preceding submitting the bid."

granting a five per cent preference to contractors who, through the payment of taxes for two years, have made a contribution to the funds from which they are to reap a benefit. The legislature had a right to believe, and for all we know it may be a fact, that the interests of the state and the political subdivisions thereof will be better served through this plan than otherwise....

75 Ariz. at 287–88; 255 P.2d at 607. Here, Pipe Tech did not independently incur a tax liability; rather, it paid Empire Machinery a prorated portion of Empire Machinery's tax liability. We hold that the payment of someone else's tax liability does not entitle one to the benefits of the preference statute.

We further reject Pipe Tech's argument that *Tanner's* dictum was based on the city hearing officer's discretionary authority to reject a contractor's tax records as not meeting the statutory prerequisites to the preference. Pipe Tech urges that we should uphold the City's discretionary decision here, as the *Tanner* court did. This amounts to an argument that the City had discretion to waive or ignore the statutory requirements for the preference.

Although the City clearly has discretion under A.R.S. § 34–221 to determine who are the "responsible" bidders and whose proposals are "satisfactory" before it awards a bid, once those discretionary determinations are made, the City is then required by A.R.S. § 34–241 to award the contract on the basis of the "better bid," which only may be determined by granting a preference solely on the basis of the statutory requirements. Whether Pipe Tech was entitled to the preference was not a discretionary decision. As a matter of law, if the tax requirement is not met, the preference cannot be granted. Because Pipe Tech's indirect payment of prorated taxes on rental machinery did not entitle it to the statutory preference, and because it is undisputed that Western Sun was entitled to the preference, Western Sun became the lowest responsible bidder, who was entitled to the contract award pursuant to A.R.S. § 34–221. The City's failure to award the contract to Western Sun was therefore legally incorrect, *see City of Phoenix v. Wittman,* 20 Ariz.App. 1, 6, 509 P.2d 1038, 1042 (1973) and the superior court's order upholding the award was legally erroneous.

■ Finally, Pipe Tech argues that even if it did not meet the tax requirement of the preference statute, we should not void its contract with the City because we have previously held that "nonpayment of the taxes is not so violative of public policy that it will render a [contract] unenforceable even though made in violation of paragraph C of A.R.S. § 34–241." *See E & S Insulation Co. v. E.L. Jones Const. Co.,* 121 Ariz. 468, 470–71, 591 P.2d 560, 562–63 (App.1979). We find *E & S Insulation* distinguishable because it involved whether a subcontractor on a public works project was entitled to payment from the general contractor and its surety *after* it had fully performed its obligations on the contract. We held only that violation of A.R.S. § 34–241(C) could not be used by the general contractor as a bar to recovery for performed services. 121 Ariz. at 471, 591 P.2d at 563. That holding has no effect on the general rule that an unsuccessful bidder may seek to invalidate the contract before completed performance when the award has been made to another bidder in violation of the statutory requirements. *See Wittman,* 20 Ariz.App. at 3, 509 P.2d at 1040; *Deem,* 27 Ariz.App. at 482, 556 P.2d at 330.

Special action relief is granted. The order of the superior court is reversed, and we direct the trial court to enter its order voiding the City's construction contract with Pipe Tech and requiring the City to award the contract to Western Sun. Each party will pay its own attorneys' fees incurred in this special action.

FIDEL, P.J., and SHELLEY, J., concur.

## MOTION FOR RECONSIDERATION DENIED

On August 15, 1988, we issued our order accepting jurisdiction of this special action

and granting relief. On September 22, 1988, we entered our formal opinion in this matter, holding that the trial court abused its discretion in determining that Pipe Tech's payment of a renter's pro rata share of a lessor's property tax entitled Pipe Tech to the statutory preference allowed by A.R.S. § 34–241(A). We directed the trial court to void the City's construction contract with Pipe Tech and require the City to award the contract to Western Sun.

Western Sun has filed a motion for reconsideration from that part of our formal opinion in which we decided that each party would pay its own attorneys' fees incurred in this special action. Western Sun contends that this court erred in failing to award fees pursuant to A.R.S. § 12–2030, which mandates an award of fees to a party who prevails against a political subdivision of the state in a suit to compel an officer of the political subdivision to perform an action required by law. This statute was first cited in Western Sun's application filed on August 30, 1988, after this matter was submitted and our decision accepting jurisdiction was made, but prior to our formal opinion. The City responds that Western Sun is precluded from an award of fees pursuant to A.R.S. § 12–2030 because Western Sun's application for award of fees filed on August 30, 1988 was untimely and, in any event, its request based upon A.R.S. § 12–2030, was untimely. We conclude that the original request for fees was timely. However, we deny Western Sun's motion for reconsideration because the change in request for fees from a discretionary award to a mandatory award after the decision to accept jurisdiction had been rendered would unduly prejudice the City and would not foster the policies behind the fee-shifting statutes.

### Timeliness of Application for Award of Attorneys' Fees

■ The City first contends that Western Sun's application for a specific award of attorneys' fees, filed fifteen days after the filing of our order, was untimely. Rule 4(f), Rules of Procedure for Special Actions, provides that a party entitled to costs or attorneys' fees may file a statement of costs "[w]ithin ten days after the court has issued an order declining jurisdiction or the clerk has given notice that a decision has been rendered, ... all in accordance with the provisions of Rule 21, Arizona Rules of Civil Appellate Procedure." Rule 21(a) similarly requires that such a statement be filed "within 10 days after the clerk has given notice that a decision has been rendered." Because Western Sun's statement of fees was not filed within ten days of our "decision" to accept jurisdiction, the City argues we should deny an award of fees.

The City misconstrues the rules regarding when to file a statement of fees or costs. These rules cannot logically apply to require a statement of fees until a decision has been rendered that would entitle that party to fees. Neither our initial order accepting jurisdiction nor our formal opinion awarded attorneys' fees to Western Sun; therefore, it could not have been required to have filed such a statement within ten days of either event.

Rule 4(f) also provides that, in a special action, "a request for attorneys' fees shall be made in the pleadings or by motion filed and served prior to oral argument or submission of the special action." Here, Western Sun requested an award of attorneys' fees in its petition for special action. Its initial request was therefore "timely" within the requirements of Rule 4(f), and its statement of fees was not untimely in the absence of a decision awarding fees. We thus address the request for fees on its substantive merits.

### Award of Attorneys' Fees Pursuant to A.R.S. § 12–2030

■ In its original petition for special action in this court, Western Sun requested attorneys' fees pursuant to A.R.S. §§ 12–341.01(A), –348, and –349. In its application for award of attorneys' fees, filed fifteen days after our order and after oral argument, Western Sun for the first time sought to recover attorneys' fees pursuant to A.R.S. § 12–2030, which provides:

> **Mandamus action; award of fees and other expenses against the state or political subdivision; definition**

A. A court shall award fees and other expenses to any party other than this state or any political subdivision thereof which prevails by an adjudication on the merits in a civil action brought by the party against the state or any political subdivision thereof to compel a state officer or any officer or any political subdivision thereof to perform an act imposed by law as a duty on the officer.

B. As used in this section, "fees and other expenses" includes the reasonable expenses of expert witnesses, the reasonable cost of any study, analysis, report, test or project found by the court to be necessary for preparation of the party's case, and reasonable and necessary attorney fees.

In its application for fees filed after our order, Western Sun requested attorneys' fees pursuant to A.R.S. § 12–341.01, –349, –2030, and Rule 11, Arizona Rules of Civil Procedure.[1]

Pipe Tech correctly points out that because A.R.S. § 12–2030 does not authorize an award of attorneys' fees against a private entity, but only against the City, we cannot grant the request in Western Sun's petition to make a joint and several award of fees against Pipe Tech and the City. Sole liability for fees awarded under this statutory authority would therefore rest with the City.

■ The City argues that Western Sun is precluded from requesting fees for the first time under authority of this statute in an application filed after the decision was rendered. Because we agree with this position, we deny Western Sun's motion for reconsideration.[2]

Rule 4(f), Arizona Rules of Procedure for Special Actions, requires that "a request for attorneys' fees shall be made in the pleadings or by motion filed and served prior to oral argument or submission of the special action." Rule 21(c), Arizona Rules of Civil Appellate Procedure, is similarly worded. Case law interpreting Rule 21(c) has concluded that the rule is designed so that the entitlement to fees can be determined by the court prior to issuing its opinion. *Klatzke v. Moran,* 140 Ariz. 492, 493, 682 P.2d 1159, 1160 (App.1984). In this case, when the court considered the matter and heard oral argument, the only issue whether to grant attorneys' fees, under the statutes cited, was a discretionary one.[3] No issue about whether mandatory fees were required by A.R.S. § 12–2030 was before the court, as Western Sun had not requested any fees pursuant to that statute. The court decided, in its discretion, not to award fees against either the City or Pipe Tech.

■ In applying the corresponding rule under Rules of Civil Appellate Procedure, Rule 21, the supreme court has denied requests for fees that were not made prior to oral argument. *See Great Southwest Fire Ins. Co. v. Triple "I" Ins. Services,* 151 Ariz. 283, 286, 727 P.2d 336, 339 (1986). Additionally, this court has previously denied attorneys' fees when not supported by authority in the briefs. *City of Phoenix v. Superior Court,* 144 Ariz. 172, 177, 696 P.2d 724, 729 (App.1985). We have considered whether a plaintiff's failure to supply a statutory basis for its fees request in its complaint required the trial court to bar the claim. We held that there had been

---

1. Western Sun did not request reconsideration of our denial of attorneys' fees pursuant to A.R.S. § 12–341.01 or Rule 11. In its application for award of fees, Western Sun apparently abandoned its request pursuant to A.R.S. § 12–348, but did seek reimbursement under A.R.S. § 12–349, which allows a discretionary award of fees. A discretionary decision should not be reconsidered absent "error," which has not been alleged. *See* Rule 22(c), Arizona Rules of Civil Appellate Procedure. Thus, the only remaining issue on reconsideration is whether A.R.S. § 12–2030 compels this court to award attorneys' fees to Western Sun.

2. Because we reach our resolution on this basis, we do not reach the issue whether A.R.S. § 12–2030 properly applies to this particular special action. *Cf. Sleeseman v. State Board of Education,* 156 Ariz. 496, 753 P.2d 186 (App. 1988) (A.R.S. § 12–2030 did not apply).

3. Although Western Sun also requested attorneys' fees in its petition pursuant to A.R.S. § 12–348, which provides a mandatory award of fees, we concluded that that statute did not apply to this special action. Western Sun has not sought reconsideration of our denial of attorneys' fees on the basis of A.R.S. § 12–348.

"substantial compliance" with the local rule, and that "the City has neither been surprised or prejudiced." *Prendergast v. City of Tempe*, 143 Ariz. 14, 691 P.2d 726 (App.1984). Therefore, the avoidance of unfair prejudice and surprise is a factor we consider in requiring notice of the basis of the request for fees prior to the decision.

However, none of these cases addressed the issue raised here—whether a party who properly requested fees in the petition on the basis of statutes authorizing a discretionary award can change its statutory basis for seeking fees after the matter has been submitted, to one authorizing a mandatory award of fees.

The supreme court has articulated the policies underlying the fee-shifting statutes:

> These exceptions [to the American rule that each party bear its own fees] are commonly intended 1) to encourage private enforcements of public laws by victims, 2) to discourage non-meritorious litigation, 3) to encourage a just claim or a just defense, or 4) to promote settlement of disagreements out-of-court.... Unless each party is on notice *before* each stage of the lawsuit that its opponent intends to ask for attorney's fees, the last purpose cannot be served. To this end, and to spare courts from considering each case twice—once on the merits and once on the question of fees—local Superior Court Rule 3.7(e) and appellate Rule 21(c) require notice of the fee request before trial or submission of the appeal respectively....

*Wagenseller v. Scottsdale Mem. Hosp.*, 147 Ariz. 370, 391, 710 P.2d 1025, 1046 (1985).

In this case, the City had no reason to believe Western Sun would attempt to subject it to sole liability for a mandatory award of attorneys' fees under A.R.S. § 12–2030 if Western Sun prevailed in this special action. Prior to submission, Western Sun had cited authority requiring only a discretionary award, for which the City might have shared liability with Pipe Tech if it lost. Had A.R.S. § 12–2030 been cited in the petition, the respondents might have argued its inapplicability as an additional issue in their responses or at oral argument. Furthermore, the possibility of such an award of fees might have promoted the City to seek settlement of this dispute before we rendered our decision, thus effecting the policies of the fee-shifting statute. Under these circumstances, we find that the City was unfairly prejudiced and surprised by Western Sun's untimely request for fees pursuant to A.R.S. § 12–2030 after this matter was submitted. Additionally, we find that such an award would not promote any of the policies behind the statute. Indeed, were we to award fees under these conditions, we would only encourage the waste of judicial resources that has occurred here by our having to consider the issue twice, each time on a different statutory basis.

We therefore decline to grant Western Sun's request for attorneys' fees. By this supplemental opinion, Western Sun's motion for reconsideration is denied.

FIDEL, P.J., and SHELLEY, J., concur.